## DINGMAN v. HENRY et al.

(Court of Appeals of District of Columbia. Submitted March 9, 1922. Decided April 3, 1922.)

### No. 3704.

1. **Attorney and client ⬦⬦30—Attorneys held special partners, so that judgment for fees vested in survivors of deceased attorney.**

The fact that the services for which judgment was recovered were rendered by the three plaintiffs as attorneys shows a special partnership by the plaintiffs, since they were engaged in a common enterprise for mutual benefit, so that the right of a deceased attorney vested in the two surviving partners, and Code of Law 1901, § 235, relating to the survival of rights of action and abatement in case of death, has no application.

2. **Judgment ⬦⬦856(1)—Scire facias may be amended by suggesting death of one plaintiff.**

Scire facias on a judgment for fees of attorneys who were special partners may be amended by suggesting the death of one of the plaintiffs, since such an amendment would in no way affect the rights of the defendant.

Appeal from the Supreme Court to the District of Columbia.

Scire facias by Thomas M. Henry and another against Harrison Dingman. From a judgment sustaining a demurrer to the plea in abatement to the writ, the defendant appeals. Affirmed.

Carter B. Keene and Levi David, both of Washington, D. C., for appellant.

George W. Offutt, Jr., and C. V. Imlay, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District sustaining appellees' demurrer to appellant's plea in abatement to appellees' writ of scire facias.

On March 18, 1901, the appellees and Allen B. Stevenson obtained a judgment in the court of common pleas of Allegheny county, Pa., for $920, interest and costs. An examination of the record in that case discloses that the action was for "services rendered as attorneys" by the plaintiffs. The answer therein filed recognized the character of the services for which compensation was sought, namely, that the plaintiffs were attorneys who together had represented the defendant, appellant here, in a professional capacity.

The original plaintiffs, on September 23, 1901, filed a suit in the court below, declaring upon the Pennsylvania judgment, and on January 24, 1902, obtained judgment. On December 4, 1908, a scire facias issued upon which, on January 6, 1909, a fiat was entered. On December 22, 1920, a further writ of scire facias was issued, to which appellant interposed his plea in abatement, on the ground that since the issuance of the first writ Stevenson had died.

It is the contention of appellant "that the proper construction to be placed upon the matter is that three plaintiffs, by the scire facias, asserted that a right of action had accrued to them within the meaning of section 235 of the Code," and that "the right of action, if any, was

one that would survive in favor of a legal representative within the meaning of section 235."

[1, 2] We agree with the trial court that the relationship of the original plaintiffs amounted to a special partnership, since they were engaged in a common enterprise for mutual benefit. Consaul v. Cummings, 222 U. S. 262, 32 Sup. Ct. 83, 56 L. Ed. 192; Jackson v. Hooper, 76 N. J. Eq. 185, 74 Atl. 130; Senneff v. Healy, 155 Iowa, 82, 135 N. W. 27, 39 L. R. A. (N. S.) 219. It is apparent, therefore, that section 235 of the Code, relating to the survival of rights of action and abatement in case of death, has no application, since the surviving partners were vested with the legal title to the assets of the special partnership, and, having reduced such assets to possession, will be accountable to the representatives of the deceased partner. The trial justice ruled that the scire facias may be amended by suggesting the death of Stevenson, and we see no reason why this may not be done, as such an amendment in no way affects the rights of the defendant.

The judgment is affirmed, with costs.

Affirmed.