## STOCKMAN v. FAGAN.

Court of Appeals of District of Columbia.

Submitted October 2, 1928. Decided November 5, 1928.

No. 4644.

W. Gwynn Gardiner, of Washington, D. C., for appellant.

Wm. E. Leahy and Wm. J. Hughes, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court dismissing appellant's bill of complaint seeking equitable relief, on the ground that appellant had a plain, adequate, and complete remedy at law.

The appellant as plaintiff below filed a bill of complaint in which she alleged in substance as follows, to wit: That on April 23, 1924, one Charles Smith, a resident of the District of Columbia, departed this life, leaving a paper writing purporting to be his last will and testament, but that the instrument was denied probate, and plaintiff was appointed administratrix of his estate, and brings this suit in that capacity; that the defendant, Josephine Fagan, is the stepdaughter of decedent, and during the last six or eight months of his life decedent's household consisted of himself and the defendant; that during that period decedent was mentally incapable of transacting business, and his income from rents and other sources came under defendant's control, and plaintiff is unable to obtain any information concerning the amount of these receipts and expenditures; that while the decedent was mentally incapable of transacting business, the defendant induced him to transfer his bank deposits aggregating more than $600 to her, which she still retains in whole or in part; that during the same period defendant procured decedent to transfer to her as beneficiary a certain life insurance policy in the sum of $1,000, which sum was collected by her after his decease; that defendant, after the death of decedent, took possession of his household furniture and effects, and has refused upon demand to deliver them to the estate. Wherefore plaintiff prayed that the court decree that the transfer of the insurance policy was obtained by the fraud and undue influence of defendant, employed when decedent was mentally incompetent to execute such a transaction; and that the transfer of the bank deposits was induced by the undue influence of defendant when decedent was mentally incompetent; also, that the household furniture aforesaid be decreed to belong to the assets of decedent's estate, and that defendant be required to surrender them to plaintiff as administratrix; and that defendant be required to fully account for all moneys, personal effects, and goods that came into her possession as decedent's agent during the period of his mental incompetency, and to execute all proper and necessary papers to authorize plaintiff to receive such moneys and property as may be owing to or belonging to decedent's estate, and which is under defendant's control.

The lower court held that according to the allegations of the bill plaintiff was entitled to replevin the personal property if wrongfully detained by defendant; and to bring an action at law against defendant to recover any sums of money due from her to the estate; and that plaintiff possessed a plain, adequate, and complete remedy at law for the alleged grievances complained of, and accordingly failed to disclose a case cognizable in equity. Hence a decree was entered dismissing the bill.

■ We think this ruling was erroneous. The bill prays in part for an accounting concerning various transactions wherein defendant is alleged to have received and disbursed sums of money as agent for the decedent, the amounts whereof are to the plaintiff unknown. Jurisdiction over such cases has long been assumed by courts of equity.

"So uniformly have courts of equity assumed jurisdiction of matters of account, that the rule in general terms is now established that they have concurrent jurisdiction with courts of law in all matters of account, and this applies to cases involving accounts, whether arising ex contractu or quasi ex contractu." 1 C. J. 614. See Butler Bros. Shoe Co. v. U. S. Rubber Co. (C. C. A.) 156 F. 1, 21.

There are especial reasons, according to the allegations of the bill, why relief should be sought in equity in the present case. The plaintiff is a trustee without personal knowledge of the various items entering into the desired accounting. Moreover, the item of money obtained by defendant from decedent's bank deposits and insurance policy, as alleged by plaintiff, may be proper and necessary items in such an accounting. In addition to this, the bill of complaint charges the defendant with fraud and overreaching in her transactions with the decedent.

"Equity will always entertain jurisdiction to relieve from fraud, notwithstanding that the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete or otherwise inadequate. Thus equity has jurisdiction where complete protection and relief to plaintiff requires * * * the cancellation of written instruments; the rescission of a transaction; * * *. The concurrent jurisdiction is also invoked by the necessity of a discovery or of an accounting." 21 C. J. 110.

"It is objected that a court of equity has no jurisdiction of the case because the law affords a complete remedy in damages. This objection is groundless. Equity has always had jurisdiction of fraud, misrepresentation, and concealment; and it does not depend on discovery." Mr. Justice Bradley, in Jones v. Bolles, 9 Wall. 364, 369, 19 L. Ed. 734.

■ The issue involving the household furniture is less certain, but it too enters into the settlement between the estate and the defendant, and may be heard together with it.

"But equity will decree the delivery of chattels when such relief is incidental to the exercise of an underlying equitable jurisdiction, as where it is required for the purpose of enforcing a trust, where plaintiff is entitled to an account, * * * or where a discovery is required and jurisdiction is retained to administer full relief or to prevent multiplicity of suits." 21 C. J. 60.

The decree of the lower court is reversed with costs, and the cause is remanded for further proceedings not inconsistent herewith.