## COCHRAN v. BURDICK et al.
### No. 6024.

Court of Appeals of the District of Columbia.
Argued Feb. 9, 1934.

Decided April 2, 1934.

Rehearing Denied April 23, 1934.

Harry Friedman and H. P. Cochran, both of Washington, D. C., for appellant.

Louis Titus, Ira E. Robinson, Charles L. Frailey, A. Hamilton Dougherty, and T. S. Plowman, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the court below dismissing appellant's bill in equity for an accounting.

It appears that the plaintiff is a lawyer, maintaining an office in Washington, admitted to practice before the Court of Appeals of the District and the Department of the Interior, but not in the Supreme Court of the District of Columbia. He entered into a contract with the defendant Burdick, a New York lawyer, to prepare and file the necessary petitions in the Supreme Court of the District of Columbia in some forty-seven war minerals claims, in which Burdick had been employed. The petitions in some cases were to be filed in the name of plaintiff, and in others in the name of Burdick, giving his office address as the Munsey Building in Washington. The fees in all these cases were to be divided 50 per cent. to each of the parties. The contract also provided that plaintiff "is to act as counsel in all of these petitions and attend to all litigation, pleadings, motions, appeals, briefs, and so forth," sub-

ject to the general supervision of defendant Burdick in the cases in which his name appears as attorney. Defendant Dunn, an accountant and practitioner in the Interior Department, was to assist "in collecting data, recommendations, and decisions of the Secretary of the Interior, and preparation of petitions, appeals, briefs, and so forth."

The petitions were prepared and filed by plaintiff, as per agreement, and signed by him as attorney. He was later informed by the president of the bar committee of the District that he should have associated with him in the presentation of these cases a member of the bar of the Supreme Court of the District. He then entered into an agreement with the defendant Daugherty, an attorney of this District, to assist him in the handling of these cases. After matters had proceeded to the point where the cases were ready for trial, defendant Burdick notified the plaintiff that his contract was canceled.

This suit is for an accounting and recovery of plaintiff's share in the fees received by Burdick and the other defendants from these cases. Motions to dismiss the petition were filed by the respective defendants, on the ground of lack of equity; that plaintiff has a complete and adequate remedy at law; that the contract was without consideration and unenforceable, in that it was incapable of being performed by the plaintiff, who was not a member of the bar of the Supreme Court of the District; that the contract is void as against public policy; that no fact is alleged upon which a lien could be predicated; and that defendant Burdick had the right at any time to terminate the contract, which would relegate the plaintiff to a legal action to recover reasonable compensation for his services.

We think the action is one properly for a court of equity. This was a joint contract between Cochran and Dunn on the one part, and Burdick on the other part. Cochran and Dunn being joint obligees, must join, in order to sustain a suit at law on this contract. One of two joint obligees cannot bring such an action; his remedy is in equity. Calvert v. Bradley, 16 How. 580, 14 L. Ed. 1066.

The relationship between the parties created by the contract is in the nature of a special partnership. They were engaged in a common enterprise for mutual benefit. This constitutes a special partnership. Dingman v. Henry, 51 App. D. C. 339, 279 F. 795. Equity will assume jurisdiction of matters of accounting where disputes arise between partners. "So uniformly have courts of

equity assumed jurisdiction of matters of account, that the rule in general terms is now established that they have concurrent jurisdiction with courts of law in all matters of account, and this applies to cases involving accounts, whether arising ex contractu or quasi ex contractu." Stockman v. Fagan, 58 App. D. C. 240, 29 F.(2d) 440, 441; 1 C. J. 614.

It is contended by counsel for the defendants that the contract is against public policy, inasmuch as it was incapable of performance by plaintiff, and therefore illegal and void. This contention is based upon the fact that plaintiff was not a member of the Bar of the Supreme Court of the District of Columbia, and was, therefore, incapable of performing the acts required of him under his contract. We are not impressed with this contention. Plaintiff was a lawyer in good standing in other courts, and was entitled to rely upon the general practice of courts of record, both state and federal, to permit members of the bar in other jurisdictions to appear as counsel on trial and argument in special causes.

Burdick was aware of the fact that Cochran was not a member of the bar of the Supreme Court of the District when he made this contract, and must be assumed to have had knowledge of the common practice to which we have above referred. It was to meet this contingency that Cochran engaged the services of Daugherty to assist him in handling these cases; and this, we think, was sufficient to obviate any disqualification that attached to Cochran under the rules of the Supreme Court of the District. Certainly Burdick is not in position to invoke the rule of the Supreme Court of the District requiring petitions to be signed by counsel of record in order to defeat his contract, especially with the knowledge he possessed when the contract was made. The contract when made was lawful, and was subject to be performed lawfully by the taking in of assistant counsel, as was done. The rule distinguishing between legal and illegal contracts is clearly stated in Arlington Hotel Company v. Ewing, 124 Tenn. 536, 138 S. W. 954, 957, 38 L. R. A. (N. S.) 842, Ann. Cas. 1913A, 121, as follows: "It is laid down, however, that if a contract can by its terms be performed lawfully, it will be treated as legal, even if performed in an illegal manner; while a contract entered into with intent to violate the law is illegal, even if the parties may in performing it depart from the contract, and keep within the law."

Assuming, as we must, that the material allegations of the bill are admitted by the motions to dismiss, we are clearly of the opinion that the court was in error in dismissing the bill.

The decree is reversed with costs.