ARTHUR R. ELLISON, as Executor of the Last Will and Testament of ROBERT J. FULLER, Deceased, and Another, Plaintiffs, *v.* ETHEL M. MURPHY and Others, Defendants.

Supreme Court, Chemung County, January 6, 1927.

Partition — action for partition under deed conveying property to plaintiff's testator and defendant " as joint tenants, with right of survivorship "— commencement of action did not constitute severance of interest — death of said decedent after commencement of action and before judgment vested entire title in defendant as survivor — accounting granted up to time testator died.

Plaintiff, who succeeded his testator as plaintiff in an action for the partition of real property held by said testator and the defendant under a deed which conveyed the property to them " as joint tenants, with the right of survivorship," is not entitled to a judgment decreeing partition and sale thereof, for the death of said testator after the commencement of said action and before judgment vested the title in the defendant as survivor; while the interest of the parties could have been severed by the conveyance thereof or by a judgment of partition, until such a severance the rights of the parties remained unchanged, including the right of survivorship. The mere commencement of the action herein cannot be regarded as constituting a severance of their interests.

An accounting, which the parties concede should be had, should cover the period during which defendant and plaintiff's testator held the premises as joint tenants, since defendant, having become vested with the entire title upon the death of plaintiff's testator, was obviously entitled to the rents thereafter so that plaintiff herein is not entitled to one-half of the income of the property since the death of his testator.

ACTION for partition and for an accounting.

*Donald C. Hawkes,* for the plaintiff.

*Michael O'Connor* [*David N. Heller* of counsel], for the defendant Ethel M. Murphy.

RHODES, J. This action was brought originally by Robert J. Fuller seeking a partition of real property held by himself and the defendant Ethel M. Murphy under a deed which conveyed the property to the plaintiff and said defendant Murphy " as joint tenants, with the right of survivorship." After the commencement of the action plaintiff died and his executor was substituted as plaintiff and the action was thereupon continued by him. The complaint demanded not only a partition of the property, but an accounting by the defendant Murphy, alleging that said defendant had received rents and income from the property and that the plaintiff had made payments for taxes and other expenses for which defendant is liable. The defendant Murphy concedes that she should account, but raises the question that plaintiff is not entitled to partition. In this contention I think she is correct. The interest of the parties, being that of joint tenancy, could have been severed by conveyance by either party of his interest or by a judgment of partition. Until such severance the rights of the parties remained unchanged, including the right of survivorship. I do not think the commencement of this action constituted a severance. If the plaintiff had seen fit to discontinue the action at any time before judgment, the parties would still have remained joint tenants with the right of survivorship. Had the plaintiff placed his interest in the hands of a real estate broker for sale, clearly this would not have amounted to a severance until he had actually conveyed such interest. It seems to me that the commencement of the action amounted to no more than a request by the plaintiff that the court order the property to be sold, and that no severance would occur until the granting of a judgment in the action decreeing a partition and sale.

The defendant further insists that the form of the deed by express language prohibits a partition; that by its terms the property was conveyed to the parties as joint tenants and that the addition of the words " with right of survivorship " added an element to the quality of the title and interest of the parties evidencing an intent that the survivor in any event should take and be vested with the entire title, citing the case of *Messing* v. *Messing* (64 App. Div. 125), where the property was conveyed to parties " as joint tenants, and not as tenants in common, the survivor to take of the second part." In that case it was held

that the words " the survivor to take of the second part " imposed a limitation upon the tenancy which assured to the surviving grantee the whole premises, and that an action in partition could not be maintained. In the view which I take of the language of the deed in the present case, it is not necessary to determine whether or not the words of the deed imposed a limitation which would prevent an action for partition,. because, as above stated, the commencement of the action in partition did not accomplish a severance of the interests of the parties and one of the joint tenants having died before such severance, the entire title upon his death is vested in the survivor.

The parties to this action, however, concede that an accounting should be had and proof upon the account has been submitted. It is not necessary to analyze the proof for the reason that the defendant Murphy in her brief concedes that there is due from her to plaintiff the sum of $1,703.33, while the plaintiff in his brief claims only the sum of $1,637.99. In addition plaintiff claims to be entitled to one-half of the net income of the property since the trial, but as the defendant became vested with the entire title upon the death of Fuller, obviously rents thereafter belonged to her. The amounts conceded by the defendant to be due are summarized and taken from defendant's brief, as follows:

" *Debtor:*

| | | |
|---|---:|---:|
| Amount of two mortgages | $3,800 | 00 |
| Received at time of mortgage to Elmira Savings Bank | 1,092 | 00 |
| Received from rents | 5,333 | 00 |
| Total | $10,225 | 00 |

" *Creditor:*

| | | | | |
|---|---:|---:|---:|---:|
| Amount paid contractor | $3,914 | 00 | | |
| Paid loan association | 2,571 | 53 | | |
| Disbursements, taxes, etc | 2,036 | 14 | | |
| | | | 8,521 | 67 |

" Amount due from defendant Murphy.    $1.703 33 "

The demand for partition should, therefore, be denied but the plaintiff should have judgment against the defendant Murphy for the sum of $1,703.33, with interest thereon, with costs to be taxed.