[Civ. No. 16564. First Dist., Div. Two. Dec. 20, 1955.]

RUBY G. TEUTENBERG, Respondent, v. JEROME L. SCHILLER, as Executor, etc., Appellant.

Albert J. McGuire and Jerome L. Schiller for Appellant.

Samuel D. Hamburg for Respondent.

KAUFMAN, J.—This is an appeal from a judgment of the Superior Court of the State of California, in and for the County of San Francisco, in favor of plaintiff and against the special administrator who was substituted for the defendant and cross-complainant who died during the pendency of the action. Plaintiff, Ruby Teutenberg commenced an action on August 15, 1952, against her husband, Frank Teutenberg, for partition of certain real property and for certain personal property (notes secured by deeds of trust on realty) owned by them in joint tenancy. Defendant Teutenberg in his answer admitted that the property was in joint tenancy in form, but contended that the deed to the home and the notes had been fraudulently obtained without consideration, alleging that plaintiff married him with the secret intent not to perform her marital duties or establish a home, and that he had ascertained the existence of such secret intention upon the filing by plaintiff of the prior divorce action. In that action he had not cross-complained for annulment for the fraud which he alleged in the partition suit. He was denied relief on his

cross-complaint for cruelty. The interlocutory decree of divorce had been entered in favor of respondent wife on October 29, 1952, but no final judgment was ever entered. The property which is the subject of this action was not made an issue in the divorce suit.

All of the property herein was purchased with the separate funds of Frank Teutenberg. Respondent admitted that she contributed no funds toward any of these purchases.

On November 21, 1952, Frank and Ruby Teutenberg entered into a written agreement which recited that the partition action was then pending, and that said parties desired to effectuate a continuance of said action for the period of one year on certain conditions which were as follows: that the action be continued for a period of one year from the date of the execution of the agreement; that defendant vacate the home premises in San Francisco; that plaintiff should live therein for one year without rent; that the continuance be without prejudice to the rights of either party; that it have no effect upon the order for payment for alimony in the divorce case; that certain fees due plaintiff's atorney be paid by defendant; that if defendant failed to comply with any of these conditions plaintiff might reset the action for trial; that so long as the parties complied with the terms of the agreement during the one-year period, the action should remain in status quo; that the income from the upper flat of the home property should go to defendant who would bear the cost of maintenance on the said real property during the year, while plaintiff should pay only such expenses as utilities, but not taxes, insurance, repairs, maintenance or operating costs.

Frank Teutenberg died on December 9, 1952. Jerome L. Schiller was appointed special administrator of his estate and substituted as a party defendant in the partition action which came on for trial on March 18, 1954. A supplemental complaint had been filed on December 21, 1953, which alleged the death of Frank Teutenberg, and prayed that respondent be awarded the entirety of the property mentioned in each of the causes of action as her sole and separate property.

The first cause of action related to the home property. The amended cross-complaint alleged that it was the belief of defendant Frank Teutenberg that it would remain his separate property until his death, and that respondent would receive title only upon his death, that he had so informed her and that she had agreed. There was testimony that he

had given respondent the home prior to, but in contemplation of marriage, that she occupied it before marriage, and after marriage defendant lived there with respondent. The parties had jointly selected the home before, but in contemplation of marriage. He had intentionally made the deed in joint tenancy so that upon his death it would be respondent's property.

The various notes secured by deeds of trust, the subjects of the second, third and fourth causes of action, were transferred by the deceased to respondent in joint tenancy form subsequent to marriage. They were handed to her either by her deceased husband or by his broker, and thereafter placed in her safety deposit box, which later became their joint box. They remained there until after the separation of the parties when they were secretly removed by the deceased.

The trial court found on the first cause of action that respondent was the sole owner of the real estate, and of the notes and deeds of trust in the second and fourth causes of action, and that the estate of the deceased husband had no interest therein.

As to the third cause of action concerned with the Chotos loan, the court awarded respondent what had been received in lieu of or in substitution for said note and deed of trust by the deceased husband without respondent's consent. It was found that respondent's name had been forged to a satisfaction of the note, request for reconveyance under a deed of trust, and a chattel mortgage securing the note. The record amply supports the finding that the signatures were forgeries. A notary public who was involved in the transaction admitted that respondent had not appeared before him at the time he executed the acknowledgment, and as he had no excuse to offer for such conduct, he was advised by the trial court to resign his commission forthwith. It was also found that respondent, upon the death of Frank Teutenberg, became immediately vested with the aforesaid note, including the unpaid balance thereon at the date of the death of the deceased defendant, the chattel mortgage and deed of trust, as her sole and separate property as surviving joint tenant, and that neither the estate of deceased defendant nor the special administrator had any right, title, interest or claim to the aforesaid property.

Appellant contends that it was error for the trial court to disregard the agreement entered into between the parties continuing the trial of the action for one year without preju-

dice to the rights of either of the parties. It is argued that this was an agreement to extend the time of trial for not less than one year, and that it was never contemplated that the action would be tried on the day immediately following the expiration of the year, but that thereafter the parties would have a reasonable time to bring the case to trial. Since defendant Frank Teutenberg died 18 days after the one year had expired, appellant says that there was not a reasonable opportunity to bring the case to trial, and at such a trial he would have been entitled to at least one-half the joint tenancy property. That would be true if defendant had lived until judgment in the action, but had he died during the trial of the action respondent would immediately have become sole owner by right of survivorship. ■ It is not the filing of the partition action which terminates the joint tenancy, but only the judgment in such action effects the termination, and then only when the action is tried during the lifetime of both the joint tenants. (13 Cal.Jur.2d 304, § 18; *Hammond* v. *McArthur*, 30 Cal.2d 512 [183 P.2d 1]; *Dando* v. *Dando*, 37 Cal.App.2d 371 [99 P.2d 561].) The agreement for the continuance for the one-year period from November 21, 1952, to November 21, 1953, recited certain conditions relating to the living arrangements of the parties for the year, respondent was to pay no rent, and deceased was to receive the income from the upper flat. This agreement attempted no settlement of the property rights of the parties which were the subject of the action which had been continued. Hence, if the deceased had died during the one-year period, it would appear that respondent would have become the sole owner of the property by right of survivorship, for the agreement provided that the continuance ''shall be without prejudice to any of the rights in said action of either of the parties hereto.''

■ We agree with appellant that it is settled law that the right to have partition is not absolute and may be waived by contract. (*Miranda* v. *Miranda*, 81 Cal.App.2d 61 [183 P.2d 61]; *Asels* v. *Asels*, 43 Cal.App. 574 [185 P. 419].) But clearly, the agreement herein was not made to waive partition, but merely to continue a trial for partition for one year. Again, appellant's statement that agreements or stipulations extending time are valid, is certainly true. He cites 1 Corpus Juris 173, section 300, to the effect that where an action has been commenced which would abate upon plaintiff's death, defendant or his counsel ''may, as a condition of postponement or on other like consideration, stipulate that *in case of*

*plaintiff's death before judgment* neither the action nor the cause of action shall abate.'' (Emphasis ours.) In the continuance agreement herein no provision was made as to disposition of joint tenancy property in the event that one of the joint tenants should die within the year.

Appellant says that ''It was necessarily intended by the parties that the action would therefore be brought to trial after the expiration of the said one year period,'' and then contends that the rights of the parties must be determined as of the date of the execution of that agreement. ■ Since the agreement effected no settlement of the joint tenant's rights in the property, and since it had by its own terms expired (as appellant appears to admit in his brief), the trial court was entirely correct in construing the agreement as ineffective on the date of the trial; that it did not change the law of survivorship upon death of a joint tenant, and that the parties' rights were not fixed as of the date of the aforesaid agreement. The trial court was entitled to believe counsel's statement that the agreement was drawn up because defendant husband requested the postponement in the hope of effecting a reconciliation with his wife, and he was justified in concluding that since the agreement made no provision for any departure from the rule of survivorship in such tenancies, that the agreement did not purport to effect any change in the status of the property or to determine the rights of the parties in the property as of that date. The trial court's construction of the agreement, being reasonable, is binding on appeal, unless the question is one of law only, but where as here, there is extrinsic evidence of the purpose for which agreement was executed, the trial court's resolution of conflicting inferences or evidence is conclusive on this court. (*Palmtag* v. *Danielson,* 30 Cal.2d 517, 521 [183 P.2d 265]; *Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319]; *Crillo* v. *Curtola,* 91 Cal.App.2d 263, 272 [204 P.2d 941].)

■ In the instant case none of the steps which could have been taken to sever a joint tenancy had been taken at the time of the husband's death. While an agreement inconsistent with the rules of survivorship under a joint tenancy will terminate such tenancy, the agreement herein contained no such provisions. (See *McDonald* v. *Morley,* 15 Cal.2d 409, 412 [101 P.2d 690, 129 A.L.R. 810]; *California Trust Co.* v. *Anderson,* 91 Cal.App.2d 832, 836-837 [205 P.2d 1127].)

■ Joint tenants may contract with each other for exclusive

possession by one, or for part or all of the income without terminating such a tenancy. (*Hammond* v. *McArthur, supra*; *Gillette* v. *Nicolls*, 121 Cal.App.2d 185, 189 [262 P.2d 856]; *Spahn* v. *Spahn*, 70 Cal.App.2d 791, 801 [162 P.2d 53]; *Wells* v. *Wells*, 64 Cal.App.2d 113 [148 P.2d 126].)

Appellant's second contention is that it was error to award to respondent as surviving joint tenant the entire amount due on the Chotos loan, where the evidence shows without dispute that the deceased joint tenant during his lifetime was paid the loan in full and reconveyed the same by signing his own name and that of respondent on the request for reconveyance. As noted earlier, he secured this reconveyance by forging respondent's name to the documents.

Appellant argues that the obligation was extinguished in deceased's lifetime, hence there was nothing for the trial court to act on, citing Civil Code, sections 1475 and 1828. This suit is, however, not between one of the joint-tenant creditors and the debtor, but between the joint tenants. Here the deceased husband received the funds in payment of the debt during the pendency of the partition action. These funds were proceeds of joint tenancy property. ▮ In the absence of any agreement to the contrary, proceeds of joint tenancy property retain the character of the property from which they are obtained. (*Fish* v. *Security-First Nat. Bank*, 31 Cal.2d 378 [189 P.2d 10].) In the cited case, decedent received payment of the notes, which were made out to her and plaintiff as joint tenants, in her own name and deposited the funds in her personal account despite the existence of a joint tenancy account with plaintiff, and this was done with the acquiescence of plaintiff who made no claim to them during decedent's lifetime. Nevertheless, it was said that from the evidence as a whole there was no agreement "that the fruits of the joint tenancy notes would not retain their joint tenancy character or that plaintiff would relinquish his interest in them. . . . The funds could be retained or reinvested by either joint tenant without destroying their joint tenancy character." (And see *Estate of Zaring*, 93 Cal. App.2d 577 [209 P.2d 642].)

Since there is no merit in either of appellant's contentions, the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied January 19, 1956.