Sheridan, Appellant, *v.* Lucey.

Argued January 7, 1959. Before JONES, C. J., MUS-MANNO, JONES, COHEN and MCBRIDE, JJ.

*R. Winfield Baile,* with him *James L. Shea,* for appellant.

*Thomas J. Reilly,* with him *Reilly & Pearce,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 20, 1959:

The sole question on this appeal is whether the action for partition of real estate held by joint tenants with the right of survivorship abates upon the death of the complainant before judgment has been entered by the court. We conclude that the action does abate and the decedent's interest accrues to the survivor.

The undisputed facts reveal that appellant's-decedent, Catherine N. Sheridan was owner of the

premises in question and that on January 16, 1952, she conveyed her fee interest to herself and her brother-in-law and nephew, as joint tenants with the right of survivorship. On March 7, 1956, a complaint in partition was filed by appellant's-decedent, to which an answer containing new matter was filed. Before a reply ensued, the appellant's decedent died on January 11, 1957, leaving to survive her the two remaining joint tenants. The administrator then was substituted for the decedent and a reply to new matter was filed on January 10, 1958. However, appellee—brother-in-law died two days prior to the filing of this reply and his son (the remaining joint tenant) was substituted for him, whereupon, the court *en banc*, after argument, entered a judgment on the pleadings in favor of appellees.

Appellant argues that the commencement of the action of partition works a severance of a joint tenancy into a tenancy in common, so that the subsequent death of one of the tenants (appellant's decedent) does not work a divestiture of his interest in favor of the surviving tenant. Moreover, says appellant, two Acts of Assembly expressly provide for the survival of the interest of the decedent and permits the personal representative to proceed with the partition action. First, there is the Act of April 7, 1807, P.L. 155, 4 Sm. L. 398, §4, 12 P.S. §11, which provides that "No plea in abatement shall be admitted or received in any suit for partition, nor shall the same be abated by reason of the death of any defendant." Secondly, the Act of April 18, 1949, P.L. 512, §601, 20 P.S. §320.601 which provides that "All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

It is basic to the relationship of a joint tenancy that the four unities of time, title, interest and possession co-exist with the right of survivorship, which right is

clearly manifested by the conveyance. It is also well settled that a joint tenancy in real estate with the right of survivorship is severable by the act, voluntary or involuntary, of either of the parties, *Angier v. Worrell*, 346 Pa. 450, 31 A. 2d 87 (1943), but we have been unable to discover any appellate authority to extend this rule to the pendency of an action in partition.

In the early case of *Frohock v. Gustine*, 8 Watts (Pa.) 121 (1839), it was held that the death of the plaintiff in an action of partition, after judgment *quod partitio fiat*, does not abate the writ but this does not require the conclusion that the lack of a completed entry of judgment will likewise not abate the action. The few cases dealing with the severance of a joint tenancy requires an act which effectively divests the joint tenant's interest, such as an attachment execution on a joint tenancy, *American Oil Co. v. Falconer et al.*, 136 Pa. Superior Ct. 598, 8 A. 2d 418 (1939) ; or an assignment in trust or by judgment and execution as in *Lessee of Samuel Davidson v. James Heydon*, 2 Yeates (Pa.) 459 (1799). See also *Foley v. Home Protective Co., Inc.*, 8 D. & C. 2d (Pa.) 160 (1955) ; *Hoffert v. Bastian et al.*, 54 D. & C. (Pa.) 146 (1945).

A review of the treatises also reveals the following statement in 4 Thompson, Real Property 316, §1779: "The commencement of an action for partition by a joint tenant, who dies while the suit is pending, is not a severance of the tenancy and the executor of the estate of the joint tenant is not entitled to be substituted as the party plaintiff and obtain judgment in partition." Cited as authority for this conclusion is the case of *Ellison v. Murphy*, 128 Misc. 471, 219 N.Y.S. 667 (1927). There, the plaintiff initiated an action of partition but died prior to judgment and the court said that the mere commencement of a partition action generally is held insufficient to work a severance or termination of a joint tenancy. The court continued by saying

at page 668 that: "I do not think the commencement of this action constituted a severance. If the plaintiff had seen fit to discontinue the action at any time before judgment, the parties would still have remained joint tenants with the right of survivorship. Had the plaintiff placed his interest in the hands of a real estate broker for sale, clearly this would not have amounted to severance until he had actually conveyed such interest. It seems to me that the commencement of the action amounted to no more than a request by the plaintiff that the court order the property to be sold, *and that no severance would occur until the granting of judgment in the action decreeing a partition and sale.*" (Emphasis supplied).

Although the cited case dealt with a statute unlike the ones which appellant cites for his argument, nevertheless we believe that the mere pendency of an action in partition, without more, is insufficient to work a severance of the joint tenancy, whereupon an abatement occurs upon the death of one of the joint tenants. This for the reason that, although a voluntary act on the part of one of the joint tenants is adequate to work a severance, that act must be of sufficient manifestation that the actor is unable to retreat from his position of creating a severance of the joint tenancy. We believe that the pendency of a partition proceeding, before the issues have been formulated, is such a premature act that the complainant has an election to continue the proceedings to judgment, thus affecting a severance of the joint estate or discontinuing the action and leaving the joint tenancy in status quo. It therefore becomes apparent that the death of the complainant does not work an election but leaves the parties where they were at the time of his death, *i.e.,* vested with a joint tenancy whereby the remaining or surviving tenant, by operation of law, obtains the deceased tenant's interest.

Finally, the two statutes cited by appellant provide for survival of proceedings which, when the party to the action dies, survive to him by law. From what we have just concluded, the statutes are merely procedural and do not provide for a cause of action to survive where the right is effectively extinguished by death. Such is the case at bar. The death of the joint tenant immediately invokes a divestiture of his interest in favor of the survivor. Therefore, the fact that the partition proceedings are pending is of no moment in view of the termination of the decedent's joint interest by operation of law.

In conclusion, as the lower court said, these procedural statutes cannot abrogate substantive interests of the survivor since "death legally vested title to this property in the sole survivor; there was therefore no action to abate."

Judgment affirmed.