**Hazel COBB, Appellant,**

v.

**Pete GILMER, Appellee.**

**No. 19845.**

United States Court of Appeals District of Columbia Circuit.

Argued March 17, 1966.

Decided July 11, 1966.

---

Mr. Dorsey Evans, Washington, D. C., for appellant.

Mr. William Reback, Washington, D.C., for appellee.

Before BAZELON, Chief Judge, DANAHER and WRIGHT, Circuit Judges.

BAZELON, Chief Judge:

This case involves the title to certain property located in the District of Columbia which was deeded to the original parties in this suit, Naomi Zachary and Pete Gilmer, as tenants by the entirety. In 1962 the parties, who had participated in a marriage ceremony in 1947, discovered that Naomi Zachary had never been legally divorced from her former husband Roy Zachary. Naomi Zachary subsequently instituted the present suit seeking judgment quieting title to the property in her name. Prior to trial she died, and her daughter, who was substituted as plaintiff, thereupon amended the complaint to request partition of the property as alternative relief. At the conclusion of the trial, the court, sitting without a jury, held that the defendant Gilmer had sole title to the property. This appeal followed.

Appellant, the substituted plaintiff below, first argues that the trial court misapplied the rule of Coleman v. Jackson, 109 U.S.App.D.C. 242, 286 F.2d 98, 83 A.L.R.2d 1043 (1960), cert. denied, 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961). In that case we held that where the parties to a deed were disabled from holding property as tenants by the entirety, a joint tenancy is deemed to have been created unless a contrary intent is shown. Here the trial court found that the plaintiff had failed to prove by a preponderance of the evidence the requisite contrary intent. Since this finding was not clearly erroneous, we sustain

the trial court's conclusion that the property was held in joint tenancy and that title passed to defendant Gilmer on the death of the original plaintiff Zachary.

[2, 3] Appellant also argues that the original complaint in this suit comprehended a claim for partition. On this basis she challenges the trial court's conclusion that the partition action abated on the death of the original plaintiff. Assuming, without deciding, that a prayer for judgment quieting title is broad enough implicitly to contain a partition claim, we find no merit in the argument.[1] Although we have been unable to find a case on point in this jurisdiction, the apparently universal rule in this country is that a pending suit for a partition of a joint tenancy does not survive the death of one of the tenants.[2] This rule is compelled by two related concepts: first, the theory of survivorship—that at the moment of death title to the property vests exclusively in the surviving joint tenant or tenants;[3] and second, the doctrine that severance of the joint tenancy does not occur until the suit for partition reaches final judgment.[4] Therefore, unless partition has been decreed before the death of the joint tenant, no interest in the property remains in the representatives of the decedent which can support an action for partition.

Appellant contends that the District's survival statute, D.C.Code § 12–101 (Supp. IV, 1965), has altered this common law rule. This statute speaks in terms of a "right of action [which] has accrued for any cause prior to * * * death * * *." This phrasing obviously envisages a pre-existing invasion of a legal right or duty. But a suit for partition of a joint tenancy does not depend upon the existence of a prior legal wrong; it may be had as a matter of right at the instance of any joint tenant, subject only to equitable considerations.[5] Partition of a joint tenancy thus is not a "right of action" of the type contemplated by the statute.[6] Moreover, if the ability to demand partition survived the death of a joint tenant, his representatives could always bring an action for partition, thereby destroying the concept of survivorship which is the essence of the tenancy. We therefore hold that the District's survival statute is inapplicable to suits for partition of joint tenancies[7]

Affirmed.

1. Thus we need not decide whether the amendment to the complaint which specifically requested partition "related back" to the original complaint.

2. *E. g.*, Sheridan v. Lucey, 395 Pa. 305, 149 A.2d 444 (1959); Minnehan v. Minnehan, 336 Mass. 668, 147 N.E.2d 533 (1958); Teutenberg v. Schiller, 138 Cal. App.2d 18, 291 P.2d 53 (Dist.Ct.App. 1955); Dando v. Dando, 37 Cal.App.2d 371, 99 P.2d 561 (Dist.Ct.App.1940); Shuck v. Shuck, 413 Ill. 390, 108 N.E. 2d 905 (1952); Ellison v. Murphy, 128 Misc. 471, 219 N.Y.S. 667 (1927); Arthur v. Arthur, 115 Neb. 781, 215 N.W. 117 (1927); 4 THOMPSON, REAL PROPERTY § 1781 (repl. ed. 1961); Annot., 129 A.L.R. 813, 817 (1940); Annot., 64 A.L.R.2d 918, 956 (1959); 48 C.J.S.

Joint Tenancy § 4 (1947). See also Child v. Bulmer, [1891] 3 Ch. 59.

3. See, *e. g.*, Maynard v. Sutherland, 114 U.S.App.D.C. 169, 313 F.2d 560 (1962).

4. See, *e. g.*, authorities cited in note 2 *supra;* 4 THOMPSON, REAL PROPERTY §§ 1779–1781 (repl. ed. 1961); 2 TIFFANY, REAL PROPERTY §§ 419, 428 (1939).

5. See, *e. g.*, 4 THOMPSON, REAL PROPERTY §§ 1822–1823 (repl. ed. 1961); 2 TIFFANY, REAL PROPERTY §§ 473–475 (1939).

6. Cf., *e. g.*, Metzger v. O'Donoghue, 53 App.D.C. 107, 288 F. 461 (1923); Dingman v. Henry, 51 App.D.C. 339, 279 Fed. 795 (1922).

7. See Sheridan v. Lucey, *supra* note 2.