MARGARET STIFF, APPELLANT, v. MILDRED STIFF ET AL.,
APPELLEES.

168 N. W. 2d 273

Filed May 23, 1969. No. 37142.

Berreckman & Nelsen, for appellant.

Keith Windrum and Darrell J. Stack, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This matter arises on a motion to dismiss the appeal as moot. The factual situation is substantially as follows: Floyd M. Stiff died testate. By his will, he devised his real estate to his wife and mother by a provision which was brought to this court for construction after the trial court denied a partition of the property on the part of the mother. The issue was the nature of the estate devised and whether or not it was subject to partition.

On March 14, 1968, the mother filed a suit for a partition of the property which was denied and from which judgment the mother appealed. On April 15, 1969, after the argument on the merits in this court, the mother died. The wife thereupon filed a motion to dismiss the appeal in this court on the ground that the wife became the sole owner by survivorship and that there was no estate to partition. It is clear to us that whether the

estate was a joint tenancy or a tenancy in common with right of survivorship, the title to the whole of the property under the issues presented passed to the wife by survivorship on the death of the mother.

The filing of the suit in partition does not destroy the joint tenancy, if such it be, nor the right of survivorship, if it be a tenancy in common with right of survivorship. The filing of the partition suit in no manner changed the estate with which the parties were invested by the will.

The general rule is: "A joint tenancy may be terminated or severed by any act which destroys one or more of its unities. * * * A joint tenancy may also be severed by the act of the joint tenants in destroying the unity of possession, as by partition; but a mere temporary division, with no intention of partition, will not amount to a severance, nor will the mere institution of an action for partition." 48 C. J. S., Joint Tenancy, § 4, p. 927.

"Generally speaking, a joint tenancy is terminated by any act which is inconsistent with its continued existence or which operates to destroy one or more of its essential unities of interest, title, time, and possession. * * * Whenever such severance takes place the joint tenancy terminates and the right of survivorship is destroyed, for the rule is that anything which destroys the unity of title or interest without affecting the unity of possession will turn the interest severed from the others into a tenancy in common as regards the remaining joint tenants. * * * A joint tenancy terminates where a complete partition of the property has been obtained, whether by decree of court or otherwise. * * * Further, the mere commencing of an action for partition of joint-tenancy property does not serve to terminate the tenancy; only the judgment or decree has that effect, and the death of one of two joint tenants pending a petition leaves nothing to partition." 20 Am. Jur. 2d, Cotenancy and Joint Ownership, §§ 15 and 20, pp. 108 and 114.

The following cases support the above text statements: Teutenberg v. Schiller, 138 Cal. App. 2d 18, 291 P. 2d 53; Ellison v. Murphy, 128 Misc. 471, 219 N. Y. S. 667; Dando v. Dando, 37 Cal. App. 2d 371, 99 P. 2d 561; Sheridan v. Lucey, 395 Pa. 306, 149 A. 2d 444; 64 A. L. R. 2d, Anno: Joint Tenancy—Termination, § 28, p. 956. We conclude that the mere filing of a petition for partition does not have the effect of destroying a joint tenancy. Nor will the filing of such a petition have the effect of destroying a right of survivorship attached to a tenancy in common. It is the rule of this jurisdiction that a survivorship attached to a tenancy in common is indestructible except by the voluntary action of all the tenants in common to do so. Anson v. Murphy, 149 Neb. 716, 32 N. W. 2d 271.

In the resistance to the motion to dismiss, counsel for the deceased mother shows by affidavit that on January 28, 1969, pending the appeal of the case at bar, the mother conveyed all of her undivided interest in the real estate to her daughter, Gladys Lonn. It is contended that the conveyance of the real estate by the mother had the effect of destroying the joint tenancy, if such it be, leaving a tenancy in common. We point out that this issue is not raised by the pleadings or evidence and that the grantee of the deed is not a party to the action. The giving of the deed and its legal effect cannot be here decided and is not pertinent to the issue before the court.

We conclude, therefore, that the present appeal has become moot as to the issues raised and that the appeal must be dismissed.

APPEAL DISMISSED.