John R. Tenney, J.
The attorney for the plaintiff, Edward O’Brien, deceased, has moved to substitute the executrix as plaintiff in this partition action. He also moves to confirm the report of the referee which allocates the interests of the *434 parties. Defendants argue that the partition action has abated because of the death of one of the joint tenants. They seek dismissal of the action and cancellation of the notice of pendency.
Generally, death of a joint tenant while a partition action is pending eliminates the deceased’s interest, and title vests in the survivor. (Ellison v Murphy, 128 Misc 471.) Plaintiffs executrix claims that there should be a distinction drawn in this case. Although no judgment was actually entered, the parties had stipulated all the pertinent facts and by court order, referred the matter merely for a computation of the interest and liabilities of the joint tenants. It is argued that the referee’s actions were mere formalities, and the partition was by consent.
Partition is the division between several persons of property which belongs to them as co-owners. It may be compulsory (judicial) or voluntary. Property can always be partitioned by consent of the owners. (14 Carmody-Wait 2d, ÑY Practice, Partition, § 91.1, p 294.)
There is little question that all parties consented to partition. The dispute which existed was over the various credits to be allocated to the owners. The referee was appointed for that purpose, took testimony and issued a report. He computed the respective contributions of the cotenants and ordered a sale. The proceeds are to be allocated equally subject to the allowances. The referee’s report was issued after plaintiffs death.
The law recognizes partition as a matter of right. (Real Property Actions and Proceedings Law, art 9.) When the parties agree, in writing, that there shall be a partition it is not necessary that it be reduced to judgment or prescribed in a deed. Furthermore, an order dated December 26, 1973, by Justice James P. O’Donnell, of this court, stated "the rights and interests of the several parties — have not been denied or controverted”. All that remained was for the referee to perform his limited duties. There were no objections and no issues as to title. The defendants made no objections to the order nor did they appeal from it, and they may not do so now. (Corbett v Fleming, 134 App Div 544.)
The report of the referee is confirmed, and the sale may proceed. Plaintiffs motion to substitute the executrix is academic except to establish her interest in the property. She has the same interest her husband had in the property as agreed upon subject to the findings of the referee. The proceeds of the *435 sale shall be distributed consistent with this opinion, and the report of the referee. The defendant’s motion is in all respects denied.