Joyce WENDT as Personal Representative of the Estate of Edward C. Voigt, Appellant,

v.

John J. HANE, Respondent,

Marian Dean, et al., Defendants.

No. CO–86–1713.

Court of Appeals of Minnesota.

March 3, 1987.

Robert N. Schlesinger, Martha E. Hellander, St. Paul, for appellant.

John A. Warchol, Kenneth N. Potts, Katz, Davis & Manka, Ltd., Minneapolis, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and NIERENGARTEN and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

This appeal is from a grant of summary judgment to respondent John J. Hane, adjudicating him to be "the owner in fee of the entire interest" in two parcels of real estate previously held in joint tenancy by him and Edward C. Voigt. Voigt commenced this action for partition of the property in 1984 against Hane and against two lessees of rental units on the property, Marian Dean and Diane E. Hopkins, who are not

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

involved in this appeal. Hane filed a separate answer and counterclaimed for partition.

During the pendency of this action, Voigt died. The trial court thereafter determined that the joint tenancy had not been severed prior to Voigt's death and that Hane was entitled to summary judgment as the surviving joint tenant. Judgment was accordingly entered. This appeal is taken by appellant Joyce Wendt, Voigt's sister, the personal representative of his estate. (Following Voigt's death, the trial court substituted Wendt as the plaintiff in this case.) We affirm.

## FACTS

In 1974, Voigt and Hane purchased two adjoining parcels of real property located in St. Paul, one consisting of a lot and a three-unit apartment building and the other consisting of a lot located directly behind the three-unit building. The warranty deed recites that title was held by Hane and Voigt "as joint tenants and not as tenants in common." The men lived together and occupied one of building's units until Voigt moved out in the fall of 1983.

In March 1984, Voigt commenced this action to partition the property. The complaint erroneously alleges that the parties were "co-owners" of the property. In connection with this litigation, Voigt also filed notices of lis pendens on the property. Hane answered and counterclaimed for partition. His counterclaim similarly contains an error and alleges that the parties held the property as "tenants in common."

On January 30, 1986, Hane moved for immediate sale of the premises and an appraisal by disinterested parties. Two days later on February 1, Voigt died. Hane thereafter moved for summary judgment, seeking a declaration that he was sole owner of the property. In the alternative, he sought dismissal of the complaint, discharge of the lis pendens, or an order for immediate sale. Attached to this motion is a certificate of title which established for the first time in this action that the property was held by Voigt and Hane not as

tenants in common, but as joint tenants with right of survivorship.

A hearing was held on Hane's motion. For the purposes of that motion, the parties stipulated that a valid joint tenancy by and between the parties existed prior to commencement of the partition action. In a memorandum order, the trial court determined that the joint tenancy had not been severed prior to Voigt's death and that Hane was now the sole owner of the property. This appeal followed entry of judgment.

## ISSUE

Did the trial court properly determine that the joint tenancy was not severed prior to Voigt's death?

## ANALYSIS

On appeal from a grant of summary judgment, this court must determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

In 1979, the Minnesota legislature amended Minn.Stat. § 500.19 and added a number of subdivisions, including:

> Subd. 3. **Joint tenancy requirements abolished.** The common law requirement for unity of time, title, interest, and possession in the creation of a joint tenancy is abolished.

> \*    \*    \*    \*    \*    \*

> Subd. 5. **Severance of estates in joint tenancy.** A severance of a joint tenancy interest in real estate by a joint tenant shall be legally effective *only if* (1) the instrument of severance is recorded in the office of the county recorder or the registrar of titles in the county where the real estate is situated; or (2) the instrument of severance is executed by all of the joint tenants; or (3) the severance is ordered by a court of competent jurisdiction; or (4) a severance is

effected pursuant to bankruptcy of a joint tenant.

1979 Minn.Laws ch. 123, §§ 2 and 4.

Historically, a joint tenancy could be severed at common law and converted into a tenancy in common by destruction of any one of the four unities (time, title, interest and possession) by one or all of the joint tenants. More recently, a severance could be effected by mutual agreement of the tenants or even, under some circumstances, by a unilateral declaration. *See Hendrickson v. Minneapolis Federal Saving & Loan Association*, 281 Minn. 462, 161 N.W.2d 688 (1968).

▇▇▇ As amended, Minn.Stat. § 500.19 (1984) restricts severance of joint tenancies in derogation of common law and must be strictly construed. *Bloom v. American Express Co.*, 222 Minn. 249, 253–54, 23 N.W.2d 570, 573–74 (1946) (statute in derogation of a well-established principle of common law will not be extended by construction beyond its most obvious import). Moreover, where the language of a statute is plain and unambiguous, as it is here, no construction to ascertain the intent of the legislature is necessary or permitted. Minn.Stat. § 645.16 (1984).

Wendt nevertheless argues that the joint tenancy at issue here was severed prior to Voigt's death, specifically that it was severed when this action for partition was commenced. She contends that Voigt's complaint for partition and his filing of notices of lis pendens on the property, coupled with Hane's counterclaim for partition and his motion for sale of the property only two days before Voigt's death, constitute an "instrument of severance" executed by all of the joint tenants as contemplated by Minn.Stat. § 500.19, subd. 5(2). She also argues that the notices of lis pendens, which were recorded on the property at the beginning of this action, are equivalent to an instrument of severance under Minn. Stat. § 500.19, subd. 5(1).

In rejecting these arguments and determining that none of the conditions of the statute had been met prior to Voigt's death, the trial court reasoned:

[Hane] had not only the right to answer [Voigt's complaint] and assert the nature of his interest, but if he failed to so do, he ran the risk of being defaulted. * * * In addition, to be effective, an instrument of severance executed by all of the joint tenants must be one that is executed voluntarily; certainly not under the compulsion of the necessity of responding to a pleading in a lawsuit.

Recognizing that this is an issue of first impression in Minnesota, the trial court cited the following general rule as further support for its determination:

"The mere commencing of an action for partition of joint tenancy property does not serve to terminate the tenancy; only the Judgment or Decree has that effect, and the death of one or more joint tenants pending a partition leaves nothing to partition." 20 Am.Jur.2d, Cotenancy and Joint Ownership §§ 15 and 20. See: *Dando v. Dando*, 37 Cal.[App.]2d 371, 99 P.2d 561, 562 (1940); *Hammond v. McArthur*, 30 Cal.2d 512, 183 P.2d 1, 3 (1947); *Teutenberg v. Schiller*, 138 Cal. App.2d 18, 22, 291 P.2d 53, 56 (1955); *Clark v. Carter*, 265 C.A.2d 291, 70 Cal. Rptr. 923, 926 (1969); * * *; *Stiff v. Stiff*, 184 Neb. 432, 168 N.W.2d 273, 274 (1969); *Ellison v. Murphy*, 128 Misc. 471, 219 N.Y.S. 667, 668 (1927); *O'Brien v. O'Brien*, 89 Misc.2d 433, 391 N.Y.S.2d 502, 503 (1976); *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444, 446 (1959); *Vargas v. Brinton*, [305 Pa.Super. 357] 451 A.2d 687, 688 (Pa.Super.1982).

▇▇▇ The issue of whether commencement of a partition action severs a joint tenancy has not been *directly* addressed in Minnesota. However, in reviewing a trial court's partition of property owned jointly by an unmarried, cohabiting couple, the supreme court has stated without comment that "[t]he trial court allowed the action for partition and held the commencement of the action effected a severance of an existing joint tenancy in the real estate and existing personal property." *Carlson v. Olson*, 256 N.W.2d 249, 250 (Minn.1977). (The division of property acquired during

cohabitation is now governed by Minn.Stat. §§ 513.075 and 513.076 (1984)). Hence, we find *Carlson* neither controlling nor persuasive here because it was decided before the 1979 amendments to Minn.Stat. § 500.- 19. *See Cummings v. Cummings*, 376 N.W.2d 726, 730 (Minn.Ct.App.1985).

Wendt attempts to distinguish these cases from the facts presented here. She argues that while the "mere" commencement of a partition action by one joint tenant may not result in severance, where the defending joint tenant counterclaims for partition and joins in requesting partition, the parties' intent is clear and should be enforced. We do not agree. Even if it can be inferred that the parties intended to terminate the joint tenancy, the fact remains that none of the four conditions of Minn.Stat. § 500.19, subd. 5 were met prior to Voigt's death. Under the statute, a severance could have been effected in this case through the recording of such an instrument by either Hane or Voigt or through execution of an instrument of severance by both Hane and Voigt. *See* Minn. Stat. § 500.19, subd. 5(1) and (2). We refuse to look beyond the plain meaning of the statute to create an exception in this case.

■ Wendt raises other equitable arguments which we find to be without merit. She first contends that Hane should be estopped from asserting that the property was held in joint tenancy based on allegations in his answer and counterclaim that the parties held the property as tenants in common. Hane is not bound by this error, especially when the parties have stipulated that a valid joint tenancy existed prior to the commencement of the partition action.

■ Wendt further implies that Hane is somehow at fault for delaying the proceed-ing, and that the case could have been tried, absent these delays, while Voigt was still alive. We disagree. The record shows that the matter was delayed due to Hane's inability to retain an attorney. Hane's first attorney was discharged at Voigt's request because he had previously represented both parties in connection with another matter. Hane's second attorney was discharged after a similar request by Voigt and the parties thereafter stipulated to a continuance for trial. Any delay is therefore attributable to both parties.

■ Finally, Wendt argues that Voigt's action for partition survives his death under Minn.Stat. § 573.01 (1984). Similar statutes have been held not to apply to actions for partition of joint tenancies. *See Cobb v. Gilmer*, 365 F.2d 931, 933 (D.C.Cir. 1966).

Whatever inequity may result in a particular case by the application of Minn.Stat. § 500.19, subd. 5 and by the strict adherence to the four conditions that authorize a severance of a joint tenancy, is a matter for the legislature to address if it desires. Meanwhile, we must apply the statute.

## DECISION

Because there is no genuine issue of material fact and because Hane is entitled to judgment as a matter of law, the trial court's grant of summary judgment is affirmed.

Affirmed.