# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 9, 2008 Session

## JOSEPH P. RUSNAK, ET AL. v. GAIL PHEBUS

**Appeal from the Chancery Court for Rutherford County**
No. 04-8651-CV     Robert E. Corlew, III, Chancellor

---

**No. M2007-01592-COA-R9-CV - Filed May 29, 2008**

---

The daughter of a nursing home resident used a power of attorney granted by her mother to sell the mother a joint tenancy with right of survivorship in a condominium the daughter owned, with the intention of spending down the mother's liquid assets so she could qualify for Medicaid. A conservator was subsequently appointed to protect the mother's interests, and he filed suit for the partition and sale of the condominium property. The mother died shortly thereafter. The court granted the request for partition, but stayed the sale of the property pending this interlocutory appeal. The daughter argues on appeal that Tennessee should follow the general rule which provides that the death of a joint tenant with right of survivorship extinguishes a pending suit for partition. We agree, and we reverse the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court
Reversed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Donald Capparella, Amy J. Farrar, Nashville, Tennessee, for the appellant, Gail Phebus.

K. David Waddell, Courtney H. Gilmer, Nashville, Tennessee, for the appellee Northside Health Care Center.

## OPINION

### I. A COMPLAINT FOR PARTITION

The facts of this case are undisputed, and its outcome turns on questions of law: whether Tennessee follows the rule that the death of a joint tenant with right of survivorship extinguishes a pending suit for partition of real property and whether that rule applies under the circumstances of this case. The property at issue is a condominium located in Nashville, which was owned by the defendant Gail Phebus.

Ms. Phebus was the only child of Flora Mae Oliver, who lived in Alabama. In 1995, Ms. Oliver executed a durable power of attorney in favor of her daughter, giving Ms. Phebus the right to manage her property. Ms. Oliver subsequently experienced some serious health problems and was hospitalized in December of 2000. Her husband was himself ill and would have been unable to look after Ms. Oliver, so Ms. Phebus had her transported to a rehabilitation facility in Murfreesboro, Tennessee, where Ms. Phebus resided.

Ms. Oliver remained in the rehabilitation facility until October 1, 2001, when Ms. Phebus moved her mother into Northside Health Care Center, a Murfreesboro nursing home ("Northside"). Ms. Phebus wished to obtain Medicaid benefits to defray the cost of her mother's nursing home care, but Ms. Oliver's financial assets preventing her from qualifying for the program.

Ms. Phebus consulted with an attorney who advised her, among other things, to sell a 45% share in her Nashville condominium to her mother and to create a joint tenancy in the property with right of survivorship. Using her power of attorney, Ms. Phebus accordingly transferred $45,000 of her mother's assets to herself in payment for her share of the property.[1] The deed creating the joint tenancy was dated July 17, 2002.

Ms. Phebus had stopped making full payments to Northside for her mother's care after June of 2002.[2] Shortly thereafter, she applied for Medicaid nursing home benefits, but her application for benefits was denied by the Tennessee Department of Human Services because of Ms. Oliver's husband's assets. Northside subsequently petitioned the Circuit Court of Rutherford County for appointment of a conservator for Ms. Oliver.

The court conducted a hearing on the petition and announced its findings and conclusions in an order dated April 2, 2004. The court found clear and convincing evidence that Ms. Oliver's mental and physical incapacity made her a disabled person as that term is defined in Tenn. Code Ann. § 34-1-107(7). The court also found that the deed for the condominium creating a joint tenancy with right of survivorship was on its face a self-serving transaction. The court declared that the condominium transaction, coupled with the failure of Ms. Phebus to bring her mother's account with Northside current, indicated the need for the court's assistance.

The court accordingly granted the nursing home's petition and named Joseph P. Rusnak as conservator of the estate of Ms. Oliver, while terminating the power of Ms. Phebus to manage the estate under the durable power of attorney. Mr. Rusnak was ordered to submit to the court an inventory of Ms. Oliver's property and a management plan to protect the property within sixty days.

---

[1]Ms. Phebus and her attorney determined that the condominium was worth approximately $100,000 at the time of the transaction.

[2]According to the affidavit of Ms. Phebus, she subsequently applied her mother's social security income and her mother's 45% share of the rental income from the condominium to the nursing home bills, but these were not sufficient to pay Northside's $3,600 monthly charge.

Mr. Rusnak immediately notified Ms. Phebus by letter of his intention to file a complaint for partition of the condominium. *See* Tenn. Code Ann. § 29-27-111(notice of petition shall be served at least five days before its presentation). The complaint was duly filed on May 27, 2004. The eighty-two year old Ms. Oliver died shortly thereafter on June 19, 2004.

## II. A MOTION TO DISMISS

On July 6, 2004, Gail Phebus filed a motion to dismiss the conservator's complaint for partition. She asserted that with her mother's death the conservatorship ended and that under the survivorship provision, undivided title to the condominium had passed to her by operation of law, thereby precluding its partition.

Mr. Rusnak responded, noting that after the death of the ward the conservatorship court retains jurisdiction for the winding up of the conservatorship and the conservator has 120 days within which to make a final settlement. *See* Tenn. Code Ann. § 34-3-108(e). The conservator also argued that the suit for partition should be allowed to continue. He cited Tenn. Code Ann. § 20-5-101, which provides that civil actions "do not abate by the death, or other disability of either party, or by transfer of any interest therein, if the cause of action survives or continues." *See also* Tenn. Code Ann. § 20-5-102. He also cited the case of *Leffew v. Mayes*, 685 S.W.2d 288 (Tenn. Ct. App. 1984), in which this court allowed a suit involving ownership of the funds in a joint bank account with right of survivorship to go forward, despite the death of one of the claimants.

The next filing of significance in this case was a motion to intervene by Northside Health Care Center. Northside asserted that it had a claim against Ms. Oliver's estate, but that its interests were not specifically recognized in the proceedings. It asked the court to deny Ms. Phebus' motion to dismiss the partition action or in the alternative to allow it to intervene in the action in order so it could pursue its claim for payment against the estate of Ms. Oliver and against Ms. Phebus.[3]

After a hearing, the court filed a letter opinion and a subsequent court order granting Northside's motion to intervene, denying the motion to dismiss, and staying further proceedings on the partition action pending the opening of Ms. Oliver's estate and the appointment of an administrator. Mr. Rusnak was subsequently named administrator of the estate, and he filed a motion to intervene in the partition suit as a party-plaintiff in his capacity as administrator. The trial court granted Mr. Rusnak's petition.

## III. THE SUMMARY JUDGMENT MOTION

Northside filed a motion for summary judgment on the complaint for partition on October 24, 2006, accompanied by a memorandum of law and a statement of undisputed facts. *See* 56 Tenn. R. Civ. P. The responses to the statement of undisputed facts showed that there was very little factual disagreement between the parties as to the circumstances of the condominium transaction.

---

[3]Northside did not file an intervening complaint, but proceeded by motion alone.

The court subsequently heard arguments from both parties on the nursing home's motion and granted the motion. The court stated,

> Because the suit was commenced before the death of Ms. Oliver, we find that the action may continue now, and because we find no disputed issues of material fact, given these issues, we find that Summary Judgment should be granted in favor of Northside.

The court noted that since the property at issue was a condominium, partition in kind was not a possibility. It therefore ordered the clerk and master to sell the property and to pay 55% of the proceeds to Ms. Phebus and 45% to the estate of Ms. Oliver after payment of the cost of sale. *See* Tenn. Code Ann. § 29-27-201.

Ms. Phebus then filed a motion to amend the trial court's order or in the alternative to direct entry of its order as final for purposes of appeal pursuant to Tenn. R. Civ. P. 54.02 or for permission to file an interlocutory appeal under Tenn. R. App. P. 9. As grounds for amendment of the order, she argued that the court's order contradicted the "universal rule that a partition action between joint tenants to sever the joint tenancy with respect to real property cannot survive the death of one of the joint tenants."

The trial court denied the motion to alter or amend, but granted Ms. Phebus permission to file an interlocutory appeal. This court granted the application and stayed all proceedings in the trial court including the partition sale, pending the resolution of this appeal.[4]

## IV. THE STANDARD OF REVIEW

The standards for granting summary judgment are well known. A trial court may grant a summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004); *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In the present case, there is no dispute as to the operative facts, but only as to the legal conclusions to be drawn from those facts.

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005); *BellSouth Advertising & Publishing Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003); *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 284 (Tenn. 2001); *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). We review the summary judgment decision as a question of law, and review the record *de novo* to make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West*

---

[4]Mr. Rusnak did not participate in this appeal. The only appellee's brief filed was that of the intervenor, Northside Healthcare Center.

-4-

*Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004); *Staples v. CBL & Assoc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

## V. THE GENERALLY ACCEPTED RULE

The trial court ruled that because the partition action was initiated while Ms. Oliver was still living, it should be allowed to continue after her death. Ms. Phebus contends that the trial court's ruling contradicts the well-established rule applicable to joint tenancies with right of survivorship, that the death of a joint tenant during the pendency of a partition action extinguishes the partition action, leaving 100% of the ownership with the surviving tenant. Ms. Phebus concedes, however, that this is a matter of first impression in Tennessee because this state has not yet explicitly adopted what she calls "the universal rule."

The reasoning behind the rule is explained as follows in the case of *Cobb v. Gilmer,* 365 F.2d 931, 933 (D.C. Circuit 1966):

> . . . the apparently universal rule in this country is that a pending suit for a partition of a joint tenancy does not survive the death of one of the tenants. This rule is compelled by two related concepts: first, the theory of survivorship- that at the moment of death title to the property vests exclusively in the surviving joint tenant or tenants; and second, the doctrine that severance of the joint tenancy does not occur until the suit for partition reaches final judgment. Therefore, unless partition has been decreed before the death of the joint tenant, no interest in the property remains in the representatives of the decedent which can support an action for partition.

*Cobb v. Gilmer,* 365 F.2d at 933. *See also* 20 Am.Jur.2d, COTENANCY AND JOINT OWNERSHIP, § 29 p. 130.

Several other cases have adopted or anticipated the reasoning of *Cobb v. Gilmer*: *Stiff v. Stiff,* 168 N.W.2d 273, 274 (Neb. 1969) (holding that the filing of a partition action does not destroy a joint tenancy or a right of survivorship); *Wendt v. Hane,* 401 N.W.2d 457 (Mn. App. 1987) (holding that a joint tenancy may only be severed if statutory conditions are met, such as an order of severance by a court of competent jurisdiction, the recordation of an instrument of severance with the county registrar of titles, or the execution of an instrument of severance by all the joint tenants); *Teutenberg v. Schiller,* 291 P.2d 53 (Ca. App. 1956) (holding that a joint tenancy created by marriage is not severed by filing of suit for partition); *Brown v. Brown,* 706 N.E.2d 872 (Ohio Com. Pleas 1998) (holding that a widow's death extinguished her claim for partition).

Still other cases have acknowledged the general rule with approval, but allowed a suit for partition to go forward after the death of a joint tenant. *See O'Brien v. O'Brien*, 391 N.Y.S.2d 502 (New York Supr. 1976) (parties consented to partition prior to the death of one of them, and all that remained to be done was to allow referee to perform limited duties); *Terwilliger v. Terwilliger,* 291 A.2d 12 (Pa. Ct. Common Pleas 1971) (both parties had stipulated to partition prior to husband's

death, and the actual entry of judgment was deemed to be merely an ancillary matter); *Clingerman v. Sadowski*, 519 A.2d 378 (Pa. 1986) (death of husband did not cause abatement of suit by wife who claimed that husband had misappropriated marital property held in a tenancy by the entireties, because under Pennsylvania law misappropriation by one spouse, followed by filing of an action for equitable division of the property by the other, is deemed to destroy the tenancy). These cases do not establish an alternative to the generally accepted rule, however, but merely find the rule should not be followed in specific circumstances.

Northside does not argue that we should reject the general rule, and it presents no arguments for doing so or for adopting a different rule. Instead, it argues that the rule should not be applied to this case or this factual situation.

Although Tennessee has never previously explicitly adopted the general rule that a partition action abates upon the death of a joint tenant, we believe the rule is a sound one that was created to protect the integrity of survivorship interests in joint estates. It is also consistent with Tennessee law on joint tenancies. We can see no reason why this state should not follow the lead of other states by incorporating that rule into our jurisprudence. Accordingly, we hold that a partition action abates upon the death of a joint tenant where ownership of the whole vests in the other joint tenant by operation of law.

## VI. THE NURSING HOME'S ARGUMENTS

Northside relies on the Tennessee statutes that negated the previous common-law rule that every lawsuit abated by the death of either party to the suit. Tennessee Code Annotated § 20-5-101 reads, "Actions do not abate by the death, or other disability of either party, or by the transfer of any interest therein, if the cause of action survives or continues." Ms. Phebus notes the limiting phrase, ". . . if the cause of action survives or continues," and contends that Tenn. Code Ann. § 20-5-101 does not preclude abatement in the present case because, under "the universal rule," a partition action does not survive the death of a joint tenant. We agree that, since we have concluded that an action for partition of a joint tenancy is a cause of action that does not survive the death of a joint tenant, Tenn. Code Ann. § 20-5-101 does not operate to continue this lawsuit.

Tenn. Code Ann. § 20-5-102 further expands on the concept of survival of action as follows:

> No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged.

Northside seizes on the above language which refers to "any right of action arising hereafter based on the wrongful act or omission of another" to argue that the creation of the joint tenancy was a wrongful act, and, thus, that the above statute prevails over the general rule that partition actions

abate on the death of a joint tenant. Ms. Phebus responds to that argument by noting that the plaintiff in *Cobb v. Gilmer, supra,* invoked a similar survival statute in Washington D.C., and that the court rejected the argument based on that statute, stating:

> This phrasing obviously envisages a pre-existing invasion of a legal right or duty. But a suit for partition of a joint tenancy does not depend upon the existence of a prior legal wrong; it may be had as a matter of right at the instance of any joint tenant, subject only to equitable considerations. Partition of a joint tenancy thus is not a 'right of action' of the type contemplated by the statute. Moreover, if the ability to demand partition survived the death of a joint tenant, his representatives could always bring an action for partition, thereby destroying the concept of survivorship which is the essence of the tenancy. We therefore hold that the District's survival statute is inapplicable to suits for partition of joint tenancies.

*Cobb v. Gilmer,* 365 F.2d at 393.

Tennessee likewise gives a joint tenant the right to seek partition of real property for whatever reasons the tenant deems sufficient. *See* Tenn. Code Ann. § 29-27-101 *et seq*.; *Yates v. Yates*, 571 S.W.2d 293, 296 (Tenn. 1978); *Allison v. Hagan*, 211 S.W.3d 255, 260 (Tenn. Ct. App. 2006). The reason for this apparent liberality is that it is not the policy of the law to force an individual to continue in partnership with another if he does not wish to do so. *Nicely v. Nicely,* 293 S.W.2d 30, 32 (Tenn. Ct. App. 1956); *Bunch v. Bunch,* No. 02A01-9705-CH-00106, 1998 WL 46217 at * 3 (Jan. 8, 1998 Tenn. Ct. App.) (order granting motion to withdraw Tenn. R. App. P. 11 application for permission to appeal filed April 9, 2008).

Like the court in *Gilmer*, we conclude that the partition action herein was not "based on a wrongful act." Consequently, Tenn. Code Ann. §20-5-102 also does not operate to save this lawsuit from abatement at the death of Ms. Oliver.

Northside argues, however, that we should not rely upon the reasoning of *Cobb v. Gilmer*, regarding the inapplicability of the survival of actions statute because the facts of that case are so different insofar as *Gilmer* "lacked a fraudulently created joint tenancy." That argument is similar to Northside's general argument that we should not rely on *Gilmer* or other cases which have applied the generally accepted rule because of the distinguishing facts of the case before us.

Northside notes that the parties in *Cobb v. Gilmer* willingly entered into the contract creating the joint tenancy at issue in that case, while the circumstances behind the creation of the joint tenancy in the present case are far different, and arguably raise an implication of undue influence. Northside points to language in the order which appointed Mr. Rusnak as conservator and removed Ms. Phebus from her position as attorney-in-fact. The court stated in that order, "[t]he deed for the condominium creating a joint tenancy with right of survivorship between Gail Phebus and the Respondent is on its face a self-serving transfer."

The nursing home argues that the power of attorney granted to Ms. Phebus created a confidential relationship between her and her mother, in which Ms. Phebus was the dominant party. Such a relationship, coupled with a benefit conferred upon the dominant party, creates a presumption that the benefit was procured through undue influence. If the grantee fails to prove, by clear and convincing evidence that the transaction was fair and was not the product of undue influence, the transaction is presumed to be void.[5] *See Brown v. Weik*, 725 S.W.2d 938 (Tenn. Ct. App. 1983).

Northside thus argues in this appeal that the deed creating the joint tenancy is void. However, when we examine the record of the proceedings in the trial court we find that neither Northside nor Mr. Rusnak ever properly placed the question of the validity of the transaction or the joint tenancy before the court. In performing his role as conservator, Mr. Rusnak chose to protect Ms. Oliver's interests by bringing a partition action to divide property jointly held between Ms. Phebus and Ms. Oliver. His complaint for partition acknowledged the existence of the joint tenancy, but did not make any reference to the way in which it was created. By seeking to partition the interests in the real property, the conservator tacitly conceded the validity of the joint tenancy.

The nursing home was allowed to intervene in this case, but it chose not to file an intervening complaint. Therefore, the only cause of action its filings can refer to is the simple partition action brought by the conservator. Neither Mr. Rusnak nor Northside pled that the joint tenancy was procured by undue influence or brought an action to set aside the deed as a fraudulent conveyance. We have found nothing in the record to indicate that the nursing home was unaware that Ms. Phebus intended to spend down her mother's assets so the mother could qualify for Medicare, or that it disapproved of such a tactic. If Northside truly believed that the joint tenancy was fraudulent, it could have filed an intervening complaint presenting such a claim. It did not do so, and the only action before the trial court was the partition action.

Northside also urges us to affirm the trial court by following the reasoning we used in the case of *Leffew v. Mays*, 685 S.W.2d 288 (Tenn. Ct. App. 1984). That case involved a dispute between co-owners of a joint bank account with a right of survivorship. One of the owners (who claimed that he had furnished all the funds in the account) asked that the account be reissued in his name only. The other claimed ownership of half the money and demanded that it be paid to her. Bank officials wisely took no action, and told the parties they would have to settle their dispute in court.

Suit was accordingly filed to determine the true ownership of the funds. One of the parties died before the suit came to trial. The lawsuit was revived in the name of the executor of the deceased account-holder's estate. The surviving account-holder then argued that she had become sole owner of the entire account by virtue of its survivorship provision. The trial court agreed.

---

[5]We note, however, that it is undisputed that the consideration given for the tenancy, $45,000,was a fair price for a 45% share in the condominium. In any event, the factual question of whether there was undue influence justifying setting aside the transfer was never tried because there was no claim filed requesting that relief.

We reversed on appeal, holding that the heirs of the deceased account-holder had the right to pursue the decedent's cause of action. Our decision was based on two factors: first, the well-established right of a co-owner of a joint bank account to overcome the presumption that the parties own the money on deposit equally, by proving the ownership of the funds that went into the account; second, a pending lawsuit to vindicate that right.

We find the holdings in *Leffew* inapplicable to this case. The case before us is an action for partition of real property, and neither of the factors determinative to the outcome in *Leffew* is operative here.

## VII. CONCLUSION

We hold that in Tennessee an action for partition of real property held by joint tenants with right of survivorship abates upon the death of a joint tenant. We find no reason to deviate from that rule under the circumstances of the present case. We accordingly reverse the trial court's order that Ms. Phebus' condominium be partitioned and sold.

The judgment of the trial court is reversed. We remand this case to the Chancery Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellee, Northside Healthcare Center.

_____
PATRICIA J. COTTRELL, JUDGE