Katherine LEFFEW, Plaintiff-Appellee,

v.

Ellis MAYES, Executor of the Estate
of Theodore C. Daniel et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 2, 1984.

Permission to Appeal Denied by
Supreme Court Oct. 29, 1984.

John F. Dugger, Morristown and Roy T. Campbell, Jr., Newport, for defendants-appellants.

Sam Jack Anderson of Anderson & Anderson, Morristown, for plaintiff-appellee.

## OPINION

KIRBY MATHERNE, Special Judge.

The main issue before the court may be stated as follows: when a party to a joint bank account (not husband and wife) with a right of survivorship has, during the lifetime of the parties to the joint account, filed a lawsuit alleging that she put about one-half of the money into the account and prayed that one-half thereof be adjudged to her (the other party by intervening petition alleged that the original plaintiff had not paid any amount into the joint account and prayed that the certificate be delivered to him) and, while suit is pending, the other party to the joint account dies, can the plaintiff amend the complaint and enforce a claim for the entire fund as the survivor. We fail to find a reported Tennessee decision on the issue.

The chancellor held for the original plaintiff because, as a matter of law, she, as the survivor, was entitled to the entire amount, citing *Lowry v. Lowry*, 541 S.W.2d 128 (Tenn.1976).

### I. STATEMENT OF CASE.

Katherine Leffew, by original complaint, alleged that she and T.C. Daniel both put money in two joint accounts and that the money so deposited in the two accounts came from both of them in about equal amounts; that the two joint accounts were a $40,000.00 account at Morristown Federal Savings and Loan Association, payable to Theodore C. Daniel or Mrs. Katherine Leffew, and a $10,000.00 certificate of deposit at the Hamilton National Bank, payable to Theodore C. Daniel or Mrs. Katherine Leffew. She further alleged that Theodore C. Daniel was incompetent and prayed that the two banks be ordered to pay to her one-half of the amounts represented by the accounts. Theodore C. Daniel was not made a party to the original action. Claude Leffew, the limited guardian of Daniel, was made a party. Also named as defendant was Ellis Mayes, a nephew of Daniel, who it was alleged was interfering with Daniel's affairs and likely to dispose of the funds in some manner.

The court allowed L. Kirk Wyss, who was appointed limited guardian over Theodore Daniel, replacing Claude Leffew, to intervene, and ordered Wyss to invest the funds pending judgment without prejudice to the rights of any party.

Theodore C. Daniel was allowed to intervene and filed his petition wherein he averred that all the funds represented by the two joint accounts were furnished by him, and that the plaintiff had no funds in either account. Theodore Daniel died on June 5, 1983, before this lawsuit was tried and an order was entered reviving the suit against Ellis Mayes, executor of the Daniel estate.

Mrs. Leffew and Daniel were close friends and he lived in her home for several years until August 1981, at which time she forced him to leave because he was an alcoholic and caused her a lot of problems. Daniel was hospitalized in December, 1981, and later moved to a nursing home where he resided until his death. A limited guardian was appointed for him on March 8, 1982.

On October 7, 1982, the date the $40,000.00 account with Morristown Federal Savings matured, Daniel and Ellis Mayes appeared at that institution and requested that the account be reissued in the name of Daniel only. Someone contacted Mrs. Leffew about this and she appeared at the bank and demanded one-half of the money. Bank officials told them that they would have to settle their differences in court. No money was paid out and no change was made in the names on the joint account.

Later, on November 16, 1982, Daniel gave written notice to each banking institution that he owned the accounts but the certificates were not available to him and he asked that Mrs. Leffew's name be removed from each account. No action was taken by either bank as a result of this notice.

## II. OWNERSHIP BY OPERATION OF LAW.

The parties agree that the bank accounts under consideration were in the names of "Theodore C. Daniel or Katherine Leffew", with the right in either party to withdraw the funds, and the balance on the death of either party would go to the survivor.

Several cases are cited as authority for the plaintiff's position that upon the death of Daniel the plaintiff as the surviving joint tenant would, by operation of law, take the entire amounts on deposit. *Lowry v. Lowry, supra; Merchants & Planters Bank v. Myers,* 644 S.W.2d 683 (Tenn.App.1982); *Simmons v. Foster,* 622 S.W.2d 838 (Tenn. App.1981). Each of these cases deal with situations where one joint depositor had died and the survivor was enforcing his rights against third parties. Here, at the time of the death of Daniel, there was a lawsuit pending wherein the joint tenants were adversaries on the issue of the ownership of the funds on deposit. The issue here has to do with the ownership of the funds prior to the death of Daniel.

■ Where funds are on deposit in a joint account with right of survivorship, we hold that during the lifetime of the joint tenants a rebuttable presumption arises that the parties own the money on deposit equally. *Kinkenon v. Hue,* 207 Neb. 698, 301 N.W.2d 77 (1981); *Craig v. Curtiss,* 64 Ohio App.2d 72, 411 N.E.2d 197 (1979); *Phillips v. Phillips,* 70 A.D.2d 30, 419 N.Y. S.2d 573 (1979); *McAulliffe v. Wilson,* 41 N.C.App. 117, 254 S.E.2d 547 (1979). As a consequence, upon a suit by one joint tenant against the other, the parties may prove the ownership of the funds that went into the account. *Craig v. Curtiss, supra.*

■ Even though a joint tenant may withdraw the entire fund, one who does withdraw funds in excess of his moiety is liable to the other joint tenant for the excess so withdrawn. *Bricker v. Krimer,* 13 N.Y.2d 22, 241 N.Y.S.2d 413, 191 N.E.2d 795 (1963); *Austin v. Summers,* 237 S.C. 613, 118 S.E.2d 684 (1961); *Fecteau v. Cleveland Trust Co.,* 171 Ohio St. 121, 167 N.E.2d 890 (1960). A contractual agreement between the bank and the joint depositors does not conclusively determine the rights between the depositors during their lifetime. *Johnson v. Herrin,* 272 S.C. 224, 250 S.E.2d 334 (1978); *O'Hair v. O'Hair,* 109 Ariz. 236, 508 P.2d 66 (1973); *In re Webb's Estate,* 18 Ohio App.2d 287, 249 N.E.2d 83 (1969).

■ We further hold that T.C.A., § 45–2–703, which absolves a bank of liability upon its payment to either joint tenant or the survivor, was enacted for the protection of the bank and does not affect the rights of the joint tenants, as between themselves, during their lifetime. *Keokuk Sav. Bank & Trust Co. v. Desvaux,* 259 Iowa 387, 143 N.W.2d 296 (1966); *Armstrong v. Daniel,* 88 Ill.App.2d 31, 232 N.E.2d 218 (1967).

■ Based upon the foregoing authorities, we hold that during the lifetime of joint tenants (other than husband and wife) with right of survivorship, the funds deposited in such an account are held in divisible parts and, upon the death of one, the other takes the whole only by survivorship. Therefore, upon suit being brought by Mrs. Leffew claiming one-half of the funds deposited in the joint accounts, the other joint tenant, Daniel, had a right of action to contest that claim and show the realities of ownership, which he did by his intervening petition.

■ Does the cause of action asserted by Daniel survive his death? Statutes on the issue provide:

T.C.A., § 20–5–101. *No abatement where cause survives.*—Actions do not abate by the death, or other disability of either party, or by the transfer of any

interest therein, if the cause of action survives or continues.

T.C.A., § 20-5-102. *Actions surviving death of party.*—No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but said right of action shall pass in like manner as the right of action described in § 20-5-106.

Upon the death of Daniel, this lawsuit was revived in the name of Ellis Mayes, the executor of the Daniel estate—Daniel's claim survived his death.

■ We conclude that the chancellor erred in holding that, as a matter of law, the plaintiff Leffew was entitled to the funds on deposit in the joint accounts. The joint tenants having differed on the ownership of the funds and having, during their lifetime, brought suit to establish their respective interests therein, the ownership of the funds must be determined in that lawsuit, even though one claimant died while the suit was pending.

### III. PROOF OF OWNERSHIP.

We will first consider the $40,000.00 joint account with Morristown Federal Savings and Loan Association (Federal Savings).

■ On July 17, 1970, Theodore C. Daniel acquired a certificate of deposit at Federal Savings, account number 1291, in the amount of $20,000.00. This account was opened in the names of "Theodore C. Daniel or Mrs. J.E. Mayes". A bank official testified that a new savings certificate was issued to the same parties on October 7, 1974, in the amount of $37,184.03. The bank official testified that on September 10, 1975, and after the death of Mrs. J.E. Mayes, her name was erased from this account book and the name of Mrs. Katherine Leffew inserted, so that the account read "Theodore C. Daniel or Mrs. Kathe-

rine Leffew". At the time of this transaction, Theodore C. Daniel executed, as the individual owner of the account, a bank form titled "Transfer of Individual Ownership to Joint Ownership". Both Theodore C. Daniel and Mrs. Katherine Leffew signed this form as the new joint owners of the account which, at that time, amounted to $39,258.81. On January 5, 1976, this account had the sum of $40,744.81 and Katherine Leffew signed a withdrawal slip for the sum of $744.81, for a check in that amount payable to Theodore C. Daniel. The account was thus reduced to $40,-000.00, and thereafter interest was paid as it accrued by checks payable to both parties. It is, therefore, obvious that Mrs. Leffew did not deposit one cent to this joint account—all the money came from Daniel.

Mrs. Leffew attempts to establish her ownership of one-half of the funds in this account by testifying that she bought one-half of the account from Daniel in September, 1975, when the account was issued in their joint names. She stated that she paid Daniel $19,000.00 plus for one-half of the account when the account amounted to $39,258.81. She stated that she paid Daniel from cash that she had kept in a desk drawer at her home since 1969. She did not know how much money she had in the desk drawer or how much was left after she paid the $19,000.00 plus. She stated that the cash was in $100 bills, placed in envelopes with $5,000.00 in each envelope. She thought she had one or two envelopes left after the transaction. No other person witnessed the transaction.

The executor's attorney repeatedly objected to the plaintiff testifying about the transaction with the deceased, the basis of the objections being the Dead Man's Statute, T.C.A., § 24-1-203, which provides:

§ 24-1-203. *Transactions with decedent or ward.*—In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or

ward, unless called to testify thereto by the opposite party. Provided, if a corporation be a party, this disqualification shall extend to its officers of every grade and its directors.

Two things must concur to bring a case within the operation of this statute and authorize the rejection of the evidence, namely, (1) the proposed witness must be a party to the suit in such way that judgment may be rendered for or against him, and (2) the subject matter of the testimony must be concerning some transaction with or statement by the testator. *Montague v. Thomason*, 91 Tenn. 168, 18 S.W. 264 (1892). We hold that both requirements are met in the present lawsuit and that the testimony of Mrs. Leffew that she paid Daniel $19,000.00 plus for one-half of the $40,000.00 account is inadmissible.

The plaintiff argues that the executor's attorney cross-examined Mrs. Leffew on the matter, thereby waiving any objection. The general rule is that where transactions with the decedent are first developed on direct examination over objection of the representative of the decedent, the objection is not waived by subsequent cross-examination relative to the transaction testified to on direct examination. *Nabors v. Gearhiser*, 525 S.W.2d 145 (Tenn. 1975).

The presumption that Mrs. Leffew owned one-half of the $40,000.00 joint account is totally rebutted by the undisputed proof that Daniel deposited all the money in that account. The inadmissible testimony of Mrs. Leffew being the only evidence offered as to how she obtained a one-half interest in the account, we hold that she has failed to prove any interest in the account and it must be awarded to the executor of Daniel's estate.

Looking now to the $10,000.00 account, we find that an account was opened with Hamilton National Bank on May 5, 1969, in the amount of $4,700.00. Another deposit of $125.48 was made on August 11, 1969. No other deposits were made, but interest accrued until, on November 10, 1976, there was $7,104.10 in the account, which was closed on that date. The account is in the names of "T.C. Daniel or Katherine Leffew". However, the words "or Katherine Leffew" were typed by a different typewriter than the words "T.C. Daniel". The parties did not clarify just when Mrs. Leffew's name was placed on this account; however, it is apparent that it was not typed thereon at the same time as was T.C. Daniel's name. Mrs. Leffew testified that the $7,104.10 was withdrawn and that she and T.C. Daniel added money equally to that amount and purchased a $10,000.00 certificate from Hamilton National Bank in the names of "Theodore C. Daniel or Mrs. Katherine Leffew". There was no evidence produced to refute this testimony as to the source of the funds used to purchase the $10,000.00 certificate.

No objection was made to this testimony to the effect that Mrs. Leffew and Daniel equally contributed to raise $2,895.90, which was added to the $7,104.10 taken from the account, with which total amount the $10,000.00 certificate was purchased in their joint names. We, therefore, hold that Mrs. Leffew has established her claim to one-half of $2,895.10, or the amount of $1,447.95.

The presumption that she owned one-half of the $7,104.10 is rebutted. Mrs. Leffew did not testify that she put any amount into the joint account. Considering the fact that the $7,104.10 represents the deposits made in 1969, plus accrued interest; that Mrs. Leffew's name was not placed on the account book at the same time as Daniel's name, we hold that the $7,104.10 in the names of both parties was really the property of Daniel, and Mrs. Leffew, in this contest between the joint tenants, has failed to show ownership in her of any part thereof.

## IV. INCOMPETENCY OF DANIEL.

The parties and the chancellor treated the competency of Daniel in October and November, 1982, of considerable importance. It was during this time that Daniel

appeared at Federal Savings and asked that the $40,000.00 account be changed to his name, individually, and wrote the two notices to the banks asking that Mrs. Leffew's name be removed from the accounts. In his Judgment, the chancellor found:

> The court is satisfied from a clear preponderance of the evidence that in October and November, 1982, Theodore C. Daniel was not capable of transacting business. He had suffered strokes, was arteriosclerotic, had a chronic kidney disease requiring constant catherters, was wheel-chair bound, aged, and simply incapable of rational thought.

We make no statement concerning agreement or disagreement with the foregoing finding by the chancellor. We do hold that the issue of Daniel's competency was not, under the pleadings and the facts, a matter requiring the chancellor's decision and that issue should not have been considered by him.

██ Regardless of the mental condition of Daniel, neither banking institution made any change in the names on the accounts, paid out no money from either account and took no action of any kind as a result of Daniel's October 7, 1972 request to Federal Savings or his November 16, 1982 notice to both institutions. In her complaint, Mrs. Leffew made the banks parties defendant, but she asked only that they be ordered to pay to her the money on deposit in each account. She made no charge against either institution. She did not allege or attempt to prove any misconduct on the part of the banks. Daniel in his petition to intervene makes no charge against the banks; no misconduct on their part is alleged or proved. Daniel asked that the certificates be returned to him as his sole property. It is also noted that, according to the record, the banks did not even answer the complaint; the chancellor made no order concerning them except to order them to pay out the money as he decreed. We, therefore, hold that the competency of Daniel when he attempted to deal with the banks has no bearing on the lawsuit and is not an issue that should be here decided. We hold that the chancellor erred in determining the issue of Daniel's ability to transact business and his finding that Daniel was, during the time noted, "incapable of rational thought". We reverse that decision and leave the issue open should it become important in other matters or proceedings.

## V. CONCLUSIONS.

The chancellor's finding that Katherine Leffew is the owner of the $40,000.00 joint account with Federal Savings is reversed, and that account is adjudged to be the property of the estate of Theodore C. Daniel. The chancellor's finding that the $10,000.00 joint account with Hamilton National Bank is the property of Katherine Leffew is reversed as to $7,104.10 of that account, which amount is adjudged to be the property of the estate of Theodore C. Daniel; the finding is affirmed as to the one-half of the remaining $2,895.90 in that account, the other one-half being the property of the estate of Theodore C. Daniel. The finding by the chancellor that Theodore C. Daniel was incapable of rational thought and not capable of transacting business during October and November 1982, is reversed; no ruling is made on that issue and it remains open. Other matters ruled on by the chancellor are affirmed.

This cause is remanded to the chancery court for a determination of the amounts due each party, including the calculation of accrued interest, and for an order to the two banks to pay out the funds as decreed in this opinion. The cost in this court is adjudged one-half against Mrs. Katherine Leffew and one-half against Ellis Mayes, executor of the estate of Theodore C. Daniel.

GODDARD and FRANKS, JJ., concur.