**ESTATE OF Carl HAYNES,
Plaintiff–Appellee,**

v.

**Jackie W. BRADEN, Defendant–
Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 25, 1992.

Permission to Appeal Denied by
Supreme Court April 27, 1992.

Janet L. Hogan, Knoxville, for defendant-appellant.

Alexander M. Taylor, R. Hunter Cagle, Knoxville, for plaintiff-appellee.

## OPINION

McMURRAY, Judge.

In this case, the decedent, James Carl Haynes, established two joint bank accounts, with rights of survivorship, with the defendant, his nephew. One was a certificate of deposit and the other a savings account. Shortly before the decedent's death, the defendant withdrew the funds from the accounts. After the death of the decedent this action was instituted to recover the funds for and on behalf of the estate.[1] After a bench trial the trial court entered a judgment against the defendant and in favor of the plaintiff for $95,242.80. From this judgment this appeal resulted. For reasons hereinafter stated, we reverse the judgment of the trial court.

The appellant presents the following issues for our review:

1. Whether the contract for a joint account establishes an intent to confer control to the other joint tenant of the funds, thus relieving the defendant from the additional burden of proving an *inter vivos* gift?

2. Whether ownership of a joint account can be disputed by a third party who is not a joint tenant in the funds?

We enter upon our review of this case mindful of our duty under Rule 13(d) of the Tennessee Rules of Appellate Procedure which provides in pertinent part as follows:

(d) Findings of Fact in Civil Actions.— Unless otherwise required by statute, review of findings of fact by the trial court

---

1. We note the suit should have been instituted in the name of the personal representative of the estate rather than in the name of the Estate of James Carl Haynes.

in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.

 Thus, from our *de novo* review of the record, if we are unable to determine that the evidence preponderates otherwise, we are bound to respect the findings of fact made by the trial judge. We are not, however, bound by conclusions of law.

The chancellor found that the decedent intended for the defendant "to have the money at his death; not before, but at his death. And the method he chose to do that was by setting up a joint account with right of survivorship but, unfortunately at the time of the death of the deceased, that account had been terminated and so there was no money, no account through which Mr. Haynes was able to 'leave' the money to Mr. Braden."

The chancellor in her memorandum opinion further stated: "... at the time of Mr. Haynes' death, there was no contract. The account had been terminated, so there wasn't any contract between the parties. So, if it passed, then it passed as a gift *inter vivos.* The question becomes, did the decedent relinquish control prior to his death." The chancellor resolved this question in the negative and found that the estate was entitled to the money. In so doing, she apparently relied upon *Leffew v. Mayes,* 685 S.W.2d 288, (Tenn.App.1984). In our view, however, *Leffew* has little, if any, application to the case at hand.

In *Leffew,* a joint account with right of survivorship was established.[2] A dispute arose between the joint account holders. One of the account holders brought suit claiming ownership of one-half of the monies in the account. The remaining account holder asserted ownership of the entire proceeds of the accounts. While the suit was pending, one of the account holders died. The trial court held that the survivor was entitled to the entire amount, as a matter of law, citing *Lowry v. Lowry,*

541 S.W.2d 128, (Tenn.1976). On appeal, the trial court's judgment was reversed. The court held that "... during the lifetime of joint tenants (other than husband and wife) with right of survivorship, the funds deposited in such an account are held in divisible parts and, upon the death of one, the other takes the whole by survivorship. Therefore, upon suit being brought by Mrs. Leffew claiming one-half of the funds deposited in the joint accounts, the other joint tenant, Daniel, had a right of action to contest that claim and show the realities of ownership, which he did ..." The court went on to hold that since the joint tenants differed on the ownership of funds, and having, during their lifetime brought suit to establish their respective interests therein, the ownership of the funds must be determined in that lawsuit, even though one claimant died while the suit was pending.

 In this case, we have an entirely different situation. Firstly, there were no differing claims of ownership between the joint tenants before the death of Mr. Haynes. Secondly, the funds had been withdrawn entirely before the death of Mr. Haynes; and, thirdly, in this case, we have the benefit of the full written agreement between the bank and the joint tenants.

The agreement between the bank and the parties provides in pertinent part as follows:

We hereby apply for an account as joint tenants with rights of survivorship and not as tenants by the entirety in Security Trust Federal Savings and Loan and for the issuance of evidence thereof in their joint names described as aforesaid. You are directed to act pursuant to any one or more of the joint signatures, shown below, in any manner in connection with this account and, without limiting the generality of the foregoing, to pay, without any liability for such payment, to any one of the survivor or survivors at any time. *It is agreed by the signatory parties with each other* and

---

**2.** The *Leffew* opinion does not set out the provisions of the agreement between the account holders and the bank.

by the parties with you *that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift and delivery at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account.* (Emphasis added).

██ The account agreement was signed by James C. Haynes and Jackie W. Braden. The account agreement is clear and unambiguous. It is not necessary, therefore, to go beyond the plain terms of the contract. "If a contract is plain and unambiguous the meaning thereof is a question of law and it is the court's function to interpret the contract as written according to its plain terms." *Petty v. Sloan,* 197 Tenn 630, 277 S.W.2d 355, (1955). *See Jackson v. Miller,* 776 S.W.2d 115, (Tenn.App.1989).

In *Lowry v. Lowry,* 541 S.W.2d 128 (Tenn.1976), quoting from *Iacometti v. Frassinelli,* 494 S.W.2d 496, (Tenn.App. 1973), the court speaking on agreements between account holders said: "absent a finding of fraud, undue influence, or overreaching: 'the written agreement signed by the deceased speaks just as loudly and clearly as if the deceased herself took the stand and orally expressed the words written on the paper.'"

In *Lowry,* the court further stated "that the establishment of a joint bank account creating a joint tenancy with right of survivorship in clear and unambiguous language is subject to the parol evidence rule and is generally immune from attack in the absence of fraud, misrepresentation, duress, undue influence, mutual mistake, and incapacity." *See also Littlejohn v. Fowler,* 45 Tenn. (5 Cold) 284, (1868); and *Brown v. Brown,* 45 Tenn.App. 78, 320 S.W.2d 721, (1959).

The language of *Lowry* is plain and forceful. It would be nonsensical to apply its teachings to parts of the account agreement and not others. We, therefore, conclude that the entire account agreement in this case must be considered in the light of *Lowry.*

We agree with the chancellor's finding that if the money passed to the defendant it did so by *inter vivos* gift. However, in the absence of a finding of fraud, misrepresentation, duress, undue influence, mutual mistake, or incapacity, we must disagree with her conclusion that the deceased did not relinquish control before his death. Clearly the contract between the parties which was created by the account agreement authorized and empowered the defendant to withdraw the funds at any time and "conclusively" established a gift together with delivery. The chancellor made no findings regarding fraud, misrepresentation, duress, undue influence, mutual mistake, or incapacity and, indeed, no issues relating thereto were raised in the pleadings nor asserted by the plaintiff. Nonetheless, we have examined the record and find that there is no evidence to support a finding of fact that would vitiate the clear terms of the account agreement. On the contrary, the evidence clearly establishes that the decedent, James Carl Haynes, was fully alert at the time of the establishment of the accounts, had the same type of accounts with his wife who had predeceased him and was well aware of the import of his actions in establishing the joint accounts.

Since our conclusions as set out above are dispositive of the case, it is not necessary that we address the second issue raised by the appellant.

For reasons stated, the judgment of the trial court is reversed and the cause dismissed. Costs are taxed to the appellee and this case is remanded to the trial court for the collection thereof.

SANDERS, P.J. (E.S.), and LEWIS, J., concur.