IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2003 Session

## LEROY McBEE v. DAVID ELLIOTT, ET AL.

**Appeal from the Chancery Court for Franklin County**
**No. 15,854     Jeffrey F. Stewart, Chancellor**

---

**No. M2002-00277-COA-R3-CV - Filed March 26, 2003**

---

In this case, a brother and sister dispute who is the actual owner of property formerly owned by their deceased parents. We are asked to decide if the trial court properly relied upon promissory estoppel and adverse possession to recognize that the brother had a defense to this claim for possession. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Franklin County Chancery Court Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and DON R. ASH, SP.J. joined.

Jerre M. Hood, Winchester, Tennessee, for the appellants, David Elliott and Sharon N. Elliott.

Paul Cross, Monteagle, Tennessee, for the appellee, Leroy McBee.

**OPINION**

**I.**

Harvey and Frankie McBee owned a large tract of property in the Sewanee area of Franklin County. Frankie McBee gave her son Leroy McBee, the appellee, permission to keep his daughter's horse on a portion of that land in the mid 1970's. We will refer to this portion of the property as "the Hillside." He mowed the land, built a fence and built a barn, and continued to treat the property as his own. His sister, Sharon Elliott, and her husband, the appellants, also lived on the property and helped care for Harvey and Frankie McBee when they became ill.

At a family meeting, shortly before Frankie McBee's death on June 6, 1984, Frankie McBee discussed which of her children would receive what piece of property. Despite expressing an intent for Leroy to have the Hillside, Mr. and Mrs. McBee deeded the house and a portion of the property

to Sharon and her husband. The deed included the Hillside in the description. The possession of the property did not change, however, and Leroy continued to treat the Hillside as his own.

In 1993 Leroy began constructing a house on the property. Mr. and Mrs. Elliott did not complain. The construction involved building a septic tank and drainage system, building a driveway within 50-75 feet of the Elliotts' house, and extending electric and telephone service to the site. Although the house was never completed, the construction faltered because of a lack of funds, not because the Elliotts protested that the house was being built on their land.

On March 5, 1999, Appellee filed a complaint in the Franklin County Chancery Court. The complaint stated that the conveyance of the property to the Elliotts had been made subject to the condition that the Hillside would be given to Appellee. Appellee requested the trial court to decree that he owned the Hillside. The Appellants filed an answer and counter-complaint on August 18, 1999 asking that Appellee be required to remove all fencing and improvements on the Hillside. On August 17, 2000, Appellee filed a non-suit for his cause of action. The parties continued on to trial solely on the counter-complaint on September 21, 2000. The trial court held for the Appellee in a judgment filed December 1, 2000.

In the Final Order the trial court made these findings of fact:

1. All parties were aware of the intention of the mother of Leroy McBee and Sharon Elliott to deed the subject property to the Counter-Defendant.
2. The subject property had been referred to in the family as "Leroy's hillside" according to the testimony of Bill Sells and Bobby Jo McBee.
3. Counter-Plaintiffs agreed that the subject property was Counter-Defendant's and never asserted the contrary until shortly before this litigation arose.
4. The conveying of the subject property to Counter-Plaintiffs by the mother of Sharon Elliott and Leroy McBee was without consideration.
5. Counter-Plaintiffs acknowledged the improvements Counter-Defendant had made on the subject property.
6. Counter-Plaintiffs had remarked several times while construction of the house on the subject property by Counter-Defendant was in progress to the effect "If he wants to do it, let him do it", and that Counter-Plaintiffs' position was benefited by such construction.
7. Such construction included (but was not limited to) the hauling in of eighty loads of field dirt onto the subject property.
8. Counter-Defendant's daughter had lived on the subject property under the authority of Counter-Defendant in a camper trailer for a period of time.
9. Counter-Defendant maintained the subject property since some time in the 1970's.
10. Mr. Bill Elliott, not related to any party in this suit, had been directed prior to the cutting of trees on the subject property, by Counter-Plaintiffs, to check with Counter-Defendant; a result which is reached through a combination of

the testimony of the said Bill Elliott, which was that he had asked either Counter-Plaintiffs or Bill Sells, together with the testimony of Bill Sells that he was certain that he had not been the one giving Bill Elliott such a direction.

11. Counter-Defendant relied on the assertions of the Counter-Plaintiffs, or at least those of Counter-Plaintiff Sharon Elliott together with the silence and non-action of Counter-Plaintiff David Elliott, who must have known of the assertions of Sharon Elliott, that Counter-Defendant's ownership of the subject property was secure, lacking only in the execution of a deed which had been promised as forth coming, to his detriment.

## II.

Appellants present two issues on appeal: (1) Whether the trial court erred in applying promissory estoppel to convey title of an unconsummated gift to Appellee of real estate when title to same is clearly vested in the Appellants by deed; and (2) Whether the trial court erred in permitting the Appellee to defend by applying Tenn. Code Ann. § 28-2-103.

### A. ADVERSE POSSESSION

Tennessee Code Annotated § 28-2-103 provides for a seven year limitation for suits against persons who are holding property by adverse possession. Merely failing to bring suit for seven years is not enough for a party to lose the right to reclaim possession of his property. The holding by the opposite party must be adverse; that is exclusive, actual, adverse, continuous, open and notorious possession for the entire seven years. *Sequatchie Valley Coal & Iron Co. v. Coppinger*, 32 S.W. 465, 466 (Tenn. 1895); *Kirkman v. Brown*, 27 S.W. 709, 710 (Tenn. 1894).

In this case, the Appellee originally gained possession of the property by permission from his mother, and she wished him to have the property after her death. However, she did not deed the property to him.

The courts in this state have been faced with the issue of adverse possession stemming from a parol gift on more than one occasion. In *Jordan v. Maney*, 78 Tenn. 135 (Tenn. 1882), the creditors of the deceased, Dr. James Maney, filed suit against the executors of the estate. Dr. Maney had had his property divided into three portions. Each one of these portions had one of his children's names written on the plat. The children were put in possession of the portions allotted to them. Dr. Maney kept the title to the property and never made a formal gift to the children. "The possession thus acquired was continued by the sons and son-in-law and their families . . . until the filing of the bill." *Jordan v. Maney* 78 Tenn. 135 (1882). The supreme court then stated:

> A father may, no doubt, make a parol gift of land to a child, and the holding of the child may be adverse to the father for the length of time necessary to vest him with a possessory right under the statute; *Haynes v. Jones*, 2 Head, 372. But proof

of the gift must be clear, and the holding plainly and unmistakably adverse and continuous to work such a result.

*Jordan*, 78 Tenn. at 135.

Our supreme court again visited the adverse possession of property in light of a parol gift issue in *Choate v. Sewell*, 221 S.W. 190 (Tenn. 1920). In *Choate*, our supreme court upheld a trial court's decision that a daughter and her husband had become the owners of certain property by adverse possession. The trial court found that they had been given the land by the father and remained on the land for 17 years. *Id*. at 191. The trial court then held that the land the couple had enclosed and had been in possession of for more than seven years had become their property. *Id*. Therefore, the court required proof of both a gift and adverse possession. This rule has been applied in subsequent cases dealing with this issue. *See e.g*., *In re Estate of Garrett*, No. M1999-01282-COA-R3-CV (Tenn. Ct. App. Oct. 12, 2001); *Walker v. Moore*, 745 S.W.2d 292 (Tenn. Ct. App. 1987); *Mercy v. Miller*, 166 S.W.2d 628 (Tenn. Ct. App. 1942).

In this situation there was adequate evidence to support the trial court's conclusion of both a gift and adverse possession. A gift requires both donative intent and delivery. *In re Estate of Bligh*, 30 S.W.3d 319, 321 (Tenn. Ct. App. 2000). Donative intent was shown at trial through various witnesses, including that of Appellant Sharon Elliott. She testified that when Appellee let one of his brothers build a garage on the disputed property her mother could not understand why Appellee was letting him build a garage on what their mother considered Appellee's land. She also stated that her mother deeded her the disputed property but did not make a deed to the appellee because he did not bring the paperwork needed to make the transfer. Everyone in the family referred to the Hillside as "Leroy's Hillside." The purpose of the meeting before Mrs. McBee's death was to divide the real property among the children. It appears to the court that the mother intended to distribute the disputed Hillside to the Appellee, and felt that she had done so, but she did not make a formal transfer by deed.

As stated above, delivery is also required for a complete gift. For real property, this usually requires the transfer of the deed. *Leadford v. Leadford*, 3 Tenn. Civ. App. 502 (1912). However, where the question of adverse possession is involved there could not have been a delivery of a deed. In *Choate*, the supreme court recognized a completed gift despite the absence of a deed. We too find the completion of a gift in this particular situation.

We now turn to whether there was sufficient proof of adverse possession. As stated above, adverse possession requires both a holding of the property for seven years as required by statute and the exclusive, actual, adverse, continuous, open and notorious possession for the entire seven years as required under caselaw. The Appellee initially erected a fence on the land in the fall of 1979. There was abundant evidence to sustain the trial judge's findings. Throughout the years up until this suit was filed in 1999, Appellee kept a horse on the land, built a barn, mowed the land monthly, began building a house on the land, including bringing in 80 loads of dirt and beginning a foundation, and allowed his daughter to live on the land in a trailer with phone and electric service.

All this activity occurred on property next door to Appellants' house. The foregoing is sufficient proof of open and notorious possession.

We find that there is ample evidence in the record of both a gift and adverse possession to support the trial court's decision in favor of Appellee.

## B. PROMISSORY ESTOPPEL

Appellants state in their issue that the trial court erred by applying promissory estoppel in this case. Appellants seem to focus on the fact that the gift was uncompleted. Whether the gift was completed as to Appellee is not relevant to whether the appellees are estopped to insist that they own the property. Paragraph 11. of the court's Final Order refers to Appellee relying upon promises made by the Appellants, not by Appellee's mother.

In *Foster & Creighton Co. v. Wilson Contracting Co., Inc.*, 579 S.W.2d 422 (Tenn. Ct. App. 1978), this court set out the definition of promissory estoppel. We stated:

> Where one makes a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, and where such promise does in fact induce such action or forbearance, it is binding if injustice can be avoided only by enforcement of the promise. 17 C.J.S. Contracts § 74 p. 764. The same rule has been called the doctrine of promissory estoppel.

*Foster & Creighton Co.*, 579 S.W.2d at 427. The evidence showed that Appellee was repeatedly told by Appellant Sharon Elliott that she did not claim any title to the property. He clearly relied upon her promise and his reliance led him to improve the property and to refrain from bringing suit to obtain title.

We hold that there is ample evidence in the record to support the trial court's decision in favor of Appellee. We remand the cause to the Chancery Court for Franklin County for any further proceedings necessary. Tax the costs on appeal to the Appellants, David and Sharon Elliott.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.